GEORGE N. RICE v. THE ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY ET AL.

No. 164.

1. **Common Source of Title.**
    The rule as to the common source of title is that when the plaintiff has proved that he and the defendant claim title to land from a common source, and that of the two titles emanating from that source his is the superior. he shows a prima facie right to recover; and it may be conceded that it is a rule of evidence and not of estoppel.................. 92

2. **Same—Defense.**
    Since the plaintiff in trespass to try title must prove his title in order to recover, it would seem that when he has shown title under the common source, that proof by defendant, however made, that the common

grantor had no title ought to be a defense; but evidence merely of title
in some one, anterior to the conveyance of the common grantor, does
not make such proof.  See example...................................  93

Error to Court of Civil Appeals for the Third District, in an appeal
from Coryell County.

*W. O. Davis, J. L. Harris,* and *Duffie & Duffie,* for plaintiff in error.

1. The court erred in not finding for the plaintiff, as the evidence
shows that plaintiff has the superior title under Lafayette Cleveland, the
common source.

2. The evidence showing that plaintiff has the superior title under the
common source, the court erred in holding that a superior outstanding
title beyond the common source, in one John Morgan, with which the
defendants did not connect themselves, defeated the plaintiff's right to
recover.

3. The court erred in not holding that on account of claiming under
Lafayette Cleveland, the common source, the defendants were estopped
from disputing the validity of his title.   Rev. Stats., art. 4802; Evans v.
Foster, 79 Texas, 48; Howard v. Masterson, 77 Texas, 41; Glover v.
Thomas, 75 Texas, 506; Calder v. Ramsey, 66 Texas, 218; Pearson v.
Flanagan, 52 Texas, 266; Morales v. Fisk, 66 Texas, 189; Shields v. Hunt,
45 Texas, 424; Lang v. Wilkinson, 57 Ala., 259; Ellis v. Jeans, 7 Cal.,
409; McClain v. Gregg, A. K. Marsh, 454; Bedford v. Urquhart, 8 La.
Ann., 234; Gillam v. Bird, 49 Am. Dec., 379, and note; McNaamar v.
Meunsch, 66 Texas, 68; Robertson v. Pickrell, 109 U. S., 608; Gaines v.
New Orleans, 6 Wall., 642; 6 Am. and Eng. Encycl. of Law, 245n, 245s;
Malone on Real Prop. Trials, 101, 102; Schroallbock v. Railway, 2 Am.
St. Rep., 740, 744, note; Doyle v. Wade, 11 Am. St. Rep., 334, 343,
note; Cox v. Hart, 145 U. S., 376; Good v. Goines, 145 U. S., 141;
Cook v. Avery, 147 U. S., 375; Dycus v. Hart, 2 Texas Civ. App., 354;
Collins v. Davidson, 24 S. W. Rep., 858; Bailey v. Laws, 23 S. W. Rep.,
20; Sedg. & Wait on Trial of Title to Land, sec. 803; McDonald v. Han-
nah, 59 Fed. Rep., 977.

*Sam H. West* and *Clark, Dyer & Bolinger,* for defendants in error.—De-
fendants below, having shown an outstanding superior legal title to the
lands in controversy existing in John Morgan, were not bound to connect
themselves with such outstanding title in order to defeat a recovery by
plaintiff.   It is only necessary for defendants to connect themselves with
equities or equitable titles when plead as an outstanding title, but not so
as to legal outstanding titles; and defendants having shown such out-
standing legal title in said Morgan, the court did not err in rendering
judgment for defendants.   Adams & Wicks v. House, 61 Texas, 640;

Daniel v. Bridges, 73 Texas, 149; Capp v. Terry, 75 Texas, 403; Koenigheim v. Miles, 67 Texas, 119; Keys v. Mason, 44 Texas, 143; Finn v. Williamson, 75 Texas, 337.

GAINES, ASSOCIATE JUSTICE.—The plaintiff in error brought this suit to recover of defendants in error the tract of land in controversy. All the defendants pleaded not guilty, and some of them the statute of limita-. tions. The heirs of one Lafayette Cleveland, under whom both plaintiff and defendants claim, intervened, asserting their ownership in the land.

Upon the trial, which was without a jury, the plaintiff introduced in evidence a copy of a judgment of the District Court of Coryell County, rendered October 2, 1880, setting apart to Lafayette Cleveland the land in controversy, "in a cause in which said Cleveland and his two brothers were sole parties;" and proved that Lafayette Cleveland died in December, 1878, intestate, leaving surviving him his widow, Ava Cleveland, and his sons, Henry Cleveland, Daniel Cleveland, J. R. Cleveland, Lafayette Cleveland, Jr., and his daughters, S. C. Campbell, wife of R. W. Campbell; M. C. Russell, wife of D. C. Russell; and Emma Cleveland, who subsequently married John A. Russell. The plaintiff also introduced in evidence deeds to himself, dated February 2, 1889, from the widow and all the above named heirs of Lafayette Cleveland, except Lafayette Cleveland, Jr.; and for the purpose of showing the common source of title, he introduced further a power of attorney from Lafayette Cleveland to Wharton Branch, empowering the latter to convey the land, dated August 12, 1876, together with deeds executed by Branch as such attorney in the year 1882, conveying the lands to defendants or to those under whom they claim.

The defendants then introduced in evidence the patent from the State, issued in 1852, to Mary Hawley for the land in controversy, and a deed from Mary Hawley, dated January 15, 1859, to one John Morgan, to the same land. The defendants there rested, except as to the issues of the statute of limitations and improvements in good faith.·

The intervenors, it seems, offered no evidence.

The trial court held, that neither the plaintiff nor the intervenors were entitled to recover, and gave judgment for the defendants. The Court of Civil Appeals affirmed that judgment, basing their conclusion upon the ground that the defendants, by proving that the land had been patented to Mary Hawley, and had been by her transferred to Morgan, had shown a complete defense to the action. In this ruling we do not concur.

The rule as to the common source is, that when the plaintiff has proved that he and the defendant claim title to land from a common source, and that of the two titles emanating from that source his is the superior, he shows a prima facie right to recover; and it may be conceded that it is a rule of evidence and not of estoppel. Howard v. Masterson, 77 Texas,

41. Notwithstanding the proof of the insufficiency of his title under the common source, the defendant may still defeat the action by showing that there is a title superior to that of the person or persons under whom both claim, and that he is the holder of that title; and even without showing that he holds such superior title, it may be that his defense ought to prevail, provided he prove affirmatively not merely that some one had the title anterior to that of the common source, but also that such previous title never vested in the common source.

But as we understand it, all the authorities hold, that when one accepts a conveyance from another, it is at least prima facie evidence, as against the grantee, of title in the grantor. It follows that if a plaintiff in an action of trespass to try title proves that he has acquired the title of such grantor—for example, that he has the only or elder valid conveyance of such title—he shows a right to recover, provided there be no sufficient evidence to rebut the presumption arising from an acceptance by the defendant of the deed of his grantor.

Does mere proof that some one held a title anterior to the time at which the grantor undertook to convey, show that at that time he had no title? Clearly not. A state of things once shown to exist is ordinarily presumed to continue, in the absence of proof to the contrary.

But here the very point presents itself upon which the determination of the question under consideration must turn.

Evidence that the defendant claims title under the common grantor is prima facie proof that such grantor had the title at the time he undertook to convey the right which the defendant claims; and this necessarily involves the assumption that he had acquired the title of all previous owners. The rule as to proof of common source means this, if it means anything. The rule is statutory in this State; and to permit a defendant to defeat its operation by showing the naked fact that previous to the time the grantor undertook to convey, some third party had the title, would render it nugatory. To show that the title to the land in controversy was in some third person before the Cleveland brothers claimed it, is merely to prove what we knew before, and falls far short of showing that the title was not in them when the decree of partition was rendered. In other words, proof of title in Morgan does not overcome the prima facie case made by the plaintiff when he introduced evidence showing that defendants derived their title through deeds which purported to convey the land as the property of Lafayette Cleveland.

There are eminent authorities which hold, that in order to defeat a recovery when the plaintiff has proved that both parties claim from a common source, and that his is the superior title under that source, the defendant must not only show that there is an outstanding title, but that he must connect himself with that title. Cook v. Avery, 147 U. S., 375; Cox v. Hart, 145 U. S., 376; Christenbury v. King, 85 N. C., 229; Cal-

well v. Neely, 81 N. C., 114. But it seems to us that so great a restriction of the defendant's right is not in accordance with sound principles. Since the plaintiff must prove his title in order to recover, it would seem that when he has shown title under the common source, that proof by defendant, however made, that the common grantor had no title ought to be a defense. But as we have intimated, evidence merely of title in some one anterior to the conveyance of the common grantor does not make such proof.

The judgment will be affirmed as to defendants T. V. Hood, G. W. Coleman, and John T. Holbrook, who were found to have shown title by limitation. It being impracticable to adjust the rights of the other defendants under the record before us, the judgment as to them is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 31, 1894.