FENN v. LOUISELL.

(Circuit Court of Appeals, Fifth Circuit.   March 10, 1908.   On Rehearing, April 3, 1908.)

No. 1,706.

1. EJECTMENT—COMMON SOURCE—PRIOR TITLE.
    Where both parties deraigned title from a common source, the validity of a prior tax title was immaterial.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Ejectment, §§ 59–62.]

2. SAME—OUTSTANDING TITLE IN ANOTHER.
    Where defendant neither connected himself with an alleged outstanding title in a third person nor traced it to any person at a time subsequent to the conveyance to the common source title, the validity of such outstanding title was immaterial.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Ejectment, § 103.]

3. SAME—LANDLORD AND TENANT—TITLE—ADVERSE POSSESSION.
    In a suit to recover certain land, plaintiff was not called on to prove, as against defendant as tenant, that plaintiff had adverse possession within the prescriptive statute.

In Error to the Circuit Court of the United States for the Northern District of Florida.

W. A. Blount and A. C. Blount, Jr., for plaintiff in error.

Fred T. Myers, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM.   As both parties deraigned title from a common source, the validity of a prior tax title was immaterial.

As the defendant below neither connected himself with the alleged outstanding title, nor traced it to any person at a time subsequent to the conveyance to the common-source title, the questions arising in relation to outstanding title in another were also immaterial.   See Rice v. St. Louis, etc., Ry., 87 Tex. 90, 93, 26 S. W. 1047, 47 Am. St. Rep. 72, and cases there cited.

As against the defendant as tenant, the plaintiff was not called upon to show title or adverse possession within the prescriptive statute. The vital issue in the case was tenancy vel non, and on that the instructions to the jury were full, and, if erroneous at all, the error was in favor of the defendant.

The judgment of the Circuit Court seems to be in accordance with the justice of the case, and it is affirmed.

On Rehearing.

PER CURIAM.   The petition for rehearing is denied.