## J. T. PLUMMER ET AL. v. C. MARSHALL.

### Decided March 17, 1910.

**1.—Pleading—Description of Land—Demurrer.**

Objection to the sufficiency of description of land can be made by general demurrer only when it is manifest from the face of the petition that it can not be identified.

**2.—Boundaries—Older Surveys.**

Calls for corners of older surveys are considered as artificial objects, inferior in dignity only to calls for natural objects.

**3.—State Boundary—Water Course—Accretion and Avulsion.**

The question whether a change in a watercourse forming the boundary between States and called for as the boundary of a grant of land was by accretion, making the added soil within the limits of the State on the side where it was added, or by sudden avulsion, leaving the former State boundary unaffected, is one of fact, and the burden of proving that it was of the latter character is on the party asserting rights upon that theory.

**4.—Deed—Description—Omission of Name of Survey.**

A deed conveying land by metes and bounds sufficient to identify its location is good though it omits reference to the original grant from the State of which it forms a part.

**5.—Prior Possession.**

Facts considered and·held sufficient evidence of prior possession by those whose title plaintiff had to support recovery against one holding under the same title by subsequent conveyance.

**6.—Common Source—Outstanding Title.**

Land was formed by accretion to a tract granted by the State with boundary on Red River. Neither party showed title from the original grantee, both claiming under H., who had obtained a deed to it and conveyed it to M., under whom plaintiff claimed, and subsequently conveyed it to R., under whom defendants claimed. Possession was first taken under the deed to M. In an action by one holding from him, defendant, who held from R., could not defeat recovery upon plaintiff's prior deed and prior possession by proof of the original grant from the State as an outstanding title.

**7.—Judgment.**

Appellants cannot complain that the judgment against them for the recovery of land is not sufficient to identify it, especially when such defect is not apparent in the face of the judgment and it follows the description in the petition, possession of which they admitted by their plea.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*McGrady & McMahon,* for appellants.—The evidence showed the

land to be in Oklahoma, not in Texas. 5 Cyc., 899, 904; Collins v. State, 3 Texas Crim. App., 323; United States v. Texas, 162 U. S., 27, 29.

The theory of recovering upon prior possession of land is not a rule of property but is merely a rule of evidence subject to be rebutted, and when it is shown that a prior possession is not in fact title, then it will not authorize a recovery in favor of the plaintiffs relying upon such prior possession. Robertson v. Kirby, 25 Texas Civ. App., 472.

*Richard B. Semple,* for appellee.

HODGES, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 83 acres of land situated on the south side of and adjacent to Red River in Fannin County. From a judgment in favor of the plaintiff in the suit the defendants have appealed. The sufficiency of the petition in describing the land sued for is attacked in a general demurrer. It is contended that the field-notes call for only one object, either natural or artificial, and that object is Red River. The field-notes call for two corners of the Cox survey, and from its N. W. corner to run at a definite variation to Red River. The lines and corners of an older survey are considered artificial objects in the description of land, and in point of dignity second only to natural objects. The objection to the sufficiency of the description can be made by a general demurrer only when it is manifest from the face of the petition that the land can not be distinguished from all other tracts. Crabtree v. Whiteselle, 65 Texas, 111; Goldman v. Douglas, 81 Texas, 650, 17 S. W., 235. That defect does not appear from the petition in this case.

It is also contended that the land in controversy is situated within the State of Oklahoma, and that the court was without jurisdiction over the subject-matter of the suit. The description shows that the land is bounded on the north and east by the present channel of Red River, and on the south by the original N. B. line of the William Martin survey. The evidence shows that the Martin survey was patented in 1845, and in its field-notes calls for the south bank of Red River as its N. B. line; that since that time the channel of the river has changed to the north, and was at the time of the trial in the court below from one-fourth to one-half a mile distant from where it was when the Martin survey was patented. In the space between the present and the former channel is a considerable area of low flat land built up by accretion, and in that space is located the land in dispute. The appellants contend that this accretion formed by the shifting of the course of the stream is the result of a sudden avulsion, occurring under such conditions as would leave the original boundary line between Texas and Oklahoma at the place occupied by the old channel. Whether the shifting of the course of a stream forming the boundary line between two States is brought about by such conditions as would leave the original location of the line undisturbed, or would carry it with the new channel, involves an issue of fact that must be decided by the proper tribunal, the trial court. The party who asserts that the channel of a watercourse recognized as the boundary line, is

not in fact, at the point in controversy, the true boundary, resting his contention upon a sudden shifting of the course of the channel, assumes the burden of proving that fact. The rule for determining whether the boundary line remains with the old channel or follows the shifting course of the stream, has been so fully discussed and so clearly stated in the following cases that we merely refer to them: Nebraska v. Iowa, 143 U. S., 359, 36 L. ed., 186; McBaine v. Johnson, 55 S. W., 1034; Denny v. Cotton, 3 Texas Civ. App., 634, 22 S. W., 122. While the court found that the channel of Red River had changed its course since the location of the Martin survey, his judgment involves the further finding that this change did not occur under such conditions as would prevent the line between the States from following the new channel. The testimony upon that issue is not such as would justify us in saying that the judgment of the court was unsupported by the evidence. It is a matter of common knowledge that large streams, like Red River, passing through a loamy soil, when great rises occur, often shift their channels—sometimes moving a considerable distance, first to one side and then to the other, leaving but little evidences of where the main channel formerly ran. If the facts relied upon by the appellants in this case for showing that the boundary line between Texas and Oklahoma remained undisturbed by the change in the course of the river, were applied in all cases where similar changes have taken place, it would, doubtless, be exceedingly difficult in many instances to now locate the true line between the two States.

The testimony shows that if either party to this suit has any paper title to the land involved in this litigation it was obtained from M. M. Henry. In 1884 Henry acquired 111 acres immediately south of and adjacent to this tract. Whether this accretion had all been formed at that time does not clearly appear, but we think the evidence justifies the conclusion that most, if not all, of it had. At any rate, Henry claimed the land thus formed at the north of his 111 acres, and in the following year, 1885, sold it to J. J. Moss, under whom the appellee claims by a regular chain of title. The deed from Henry to Moss described the land by metes and bounds, but did not designate it as a part of the Martin survey. In 1888 Henry conveyed the 111 acres above mentioned to G. N. Rice, under whom the appellants claim by regular chain of transfers. The deed from Henry to Rice contains the following description: "111 acres of the Wm. Martin survey, Beginning at the northwest corner of a 50 acre tract sold to James Ball by said Wm. Martin, a stake in Martin's west line from which a blackjack marked "X" bears north 75 east 3 varas, a post-oak marked "X" bears 45 east 10 varas, thence north 84 east with Ball's north line 531 varas, his northeast corner in W. H. C. Johnson's west line a small elm marked "B" from which a small ash marked "W" bears north 80 west 1½ varas; thence with the west line of 272¾ acres sold by said Martin to said Johnson 1140 varas Johnson's N. W. corner; thence N. 78 W. along the south bank of Red River at 550 varas to the N. W. corner of said Martin survey. Thence with the west line of the same S. 6 E. 1220 varas, to the beginning." This description is a substantial, and practically a lit-

eral, copy of that contained in the deed to Henry from his grantor. It follows that if the deed from Henry to Rice was sufficient in its terms to convey the accretion to the 111 acres, Henry had previously acquired it by a similar description in the deed from his grantor. If Henry then owned the title, it is clearly shown that he parted with it to Moss three years before any conveyance was made to Rice. If Henry never owned any title to this accretion, then the appellants have none. On the question of prior possession the court made the following finding: "I find that J. N. Ferguson while he claimed said land in controversy under said deed from J. J. Moss fenced in said land in controversy with other lands in said river bottoms conveyed to him in said deed and cultivated a portion of said bottom lands through renters; that said J. B. Cummins when she purchased said lands from C. L. Potter repaired the fencing around said bottom land and had a portion of it cultivated by renters; that plaintiff since his purchase of said land in 1900 had repaired said fences, had a portion of said land cultivated, and was in possession of said land when defendants took possession thereof as complained of by plaintiff in his petition filed in this cause, though defendants when they took such possession found a portion of the wires on said fence broken by the high waters of said river when its banks were overbowed last prior thereto." This, we think, is sufficient to show prior possession good as against a mere trespasser. Appellants insist that prior possession is not sufficient when it is shown that the claimant asserting it in fact has no title. This contention rests upon the assumption of the usual effect of showing an outstanding legal title. Where the parties deraign title from a common source, evidence of title in some one anterior to the common source is not of itself sufficient to defeat the right of the claimant when depending upon a regular chain of transfers from the common source. Rice v. St. Louis, Ark. & T. Ry. Co., 87 Texas, 90, 26 S. W., 1047.

The fact that the conveyance from Henry to Moss did not describe the land as a part of the Martin survey is of no consequence in determining the rights of the parties. If the description was otherwise sufficient to designate the land conveyed, this omission was immaterial.

Appellants also contend that the judgment rendered in this case was void because not susceptible of identification on the ground. This fact does not appear from the face of the judgment or of the pleadings. Neither does the evidence necessarily show any defect in the description of the land. By their plea of not guilty the appellants admitted that they were in the possession of the land referred to in the petition. The effect of the judgment is to oust them from that possession. But even if it be true that the judgment is void for the reasons indicated, it does not appear to us that it is a matter of which the appellants could complain in this appeal.

Finding no error in the judgment it is accordingly affirmed.

*Affirmed.*

Writ of error refused.