BURNHAM et al. v. HARDY OIL CO. et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1912.)

1. EVIDENCE (§ 54*)—PRESUMPTION ON PRESUMPTIONS.

A presumption cannot be based upon a presumption, hence a presumption of judicial regularity furnishes no basis for the presumption that disqualification of the trial judge which was of record had been removed before judgment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 74; Dec. Dig. § 54.*]

2. APPEAL AND ERROR (§ 911*)—PRESUMPTION —QUALIFICATION OF JUDGE.

Where it appeared from the record that, at the time of trial, the judge of the lower court was disqualified, it cannot, in the absence of any evidence to the contrary, be presumed that the disqualification was removed in less than a month, so as to entitle him to render judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3682–3688; Dec. Dig. § 911.*]

3. APPEAL AND ERROR (§ 839*) — QUESTIONS PRESENTED FOR REVIEW.

Where a judgment is wholly void for want of jurisdiction, the trial judge being disqualified, it is improper for the appellate court to pass on any proposition save the nullity of the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2915, 3279–3300; Dec. Dig. § 839.*]

Error to District Court, Matagorda County; Wells Thompson, Judge.

Action by James H. Burnham and others against the Hardy Oil Company and others. There was a decree for defendants, and plaintiffs bring error. Reversed and remanded.

See, also, 147 S. W. 330.

Baldwin & Christian, of Houston, Linn, Conger & Austin, of Bay City, and Devlin & Devlin, of Sacramento, Cal., for plaintiffs in error. W. M. Holland and W. D. Wilson, both of Bay City, for defendants in error.

TALIAFERRO, J. This was an action in trespass to try title. Plaintiffs in error, James H. Burnham, Kate E. Burnham, Herbert O. Farjeon, Emma I. Legge, and her husband sued the Hardy Oil Company and a number of other defendants, among whom was the Square Deal Oil Company, to recover a tract of land in Matagorda county, Tex., which need not be further described. Upon the original hearing, January 5, 1909, before the regular judge of the court, W. M. Holland was appointed receiver and qualified, and W. D. Wilson, Esq., was appointed attorney for the receiver. On January 21, 1909, the case was appealed from the interlocutory order appointing the receiver, and

under a supersedeas bond the defendants resumed possession of the property. Upon hearing in the Court of Civil Appeals, the case was reversed and the receivership vacated. On January 1, 1911, the case coming on to be heard again upon the merits, the regular judge of the court entered his disqualification and certified the same to the Governor in the following language: "I, Wells Thompson, judge of the Twenty-Third judicial district, here now enter my disqualification to preside at the trial of this cause, for the reason that I am a stockholder and director in the Square Deal Oil Company, whose holdings in the Henry Parker league, which is involved in this suit, may be affected by the result of this suit. And the clerk of this court is hereby ordered to certify this my disqualification to the Governor." Thereupon C. F. Carsner, Esq., by agreement between all the parties, was selected and qualified as special judge on January 3, 1911. The case was tried and resulted in an instructed verdict and judgment for the defendants. On January 13, 1911, the receiver filed his final report, praying discharge and an allowance of $500 compensation for his services as such. At the same time W. D. Wilson, the receiver's attorney, also filed his application for $250 compensation. On the same day the special judge made the following entry upon the docket: "1/13/11. The special judge declines to pass upon the report of the receiver." Immediately thereafter he signed the minutes of the case. On February 1, 1911, the regular judge of the court, without any explanation or showing with reference to the continuance or removal of his disqualification assigned in his certificate dated January 1, 1911, heard the report of the receiver and petition of the receiver's attorney, approved the report, and allowed the fees for services asked for by the receiver and his attorney. These fees were adjudged against the plaintiffs and declared a lien upon the interest of the plaintiffs in the land in question.

In their first assignment of error plaintiffs in error contend that the judgment of the court approving the receiver's report and allowing the fees of the receiver and his attorney is void for the reason that it appears of record that the judge rendering the judgment was, at the time, disqualified to sit in said cause.

[1, 2] It is not disputed that the regular judge was disqualified to sit in this cause on the 1st day of January, 1911, and defendants in error admit that, if the disqualification existed on the 1st day of February, 1911, the judgment rendered on that day was void. They contend, however, that no objection having been made at the time to the action of the court upon the ground of his disqualification, and "his disqualification not appearing of record," it will be con-

clusively presumed that the court performed his duties and that his action was regular. The contention of defendants in error does not seem consistent because it does appear, and is admitted by them, that the judge was disqualified on the 1st day of January, 1911. His own certificate shows that on that day he was a director of and stockholder in one of the defendant corporations. The only question presented, then, is this: The regular judge having been disqualified to try this case when it was called on January 1, 1911, by reason of an interest in the subject-matter of the litigation, will such disqualification, in the absence of a showing to the contrary, be presumed to have continued until the time of the entry of the order complained of, one month later? We think that this question must be answered in the affirmative. It is too well settled for discussion that a state of things once shown to exist is, within the limits of experience and probability, presumed to continue, in the absence of proof to the contrary. Rice v. Railway, 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72; 16 Cyc. p. 1052 et seq., and authorities cited. It is a matter of record here that Judge Thompson was director and stockholder in one of the defendant corporations on the 1st day of January, 1911. Exactly one month later, without explanation or showing of any kind that his condition had been changed, he assumed the right to preside and enter a judgment in this cause. Such an act was clearly illegal, for while it is true that, in the absence of proof to the contrary, there is a presumption that a court of general jurisdiction, in doing a thing which it has the power to do, has acted within the limits of its authority, such a presumption will not arise where the record affirmatively shows that he did not have the authority. The disqualification of Judge Thompson was affirmatively shown to have existed January 1, 1911. There is nothing in the record to show that such disqualification had been removed. We are called upon to presume that such disqualification was removed upon February 1, 1911. The only ground upon which we could base such a presumption is the further presumption that the act of the judge was regular. This would be basing a presumption upon a presumption, which the law will not tolerate. Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1064; Sulphen v. Norris, 44 Tex. 204. The case of Bolling v. Anderson, 4 Baxt. (63 Tenn.) 551, is a well-considered case upon this question. In that case the court says: "The decree of the May term, 1869, recites: 'This cause came on this day to be heard before the honorable David Campbell, sitting as chancellor, by agreement of parties, in the place of honorable Horace H. Harrison, who was incompetent.' The decree pronouncing judgment nisi against Turley, as garnishee, was

pronounced by Chancellor Harrison. There is nothing in the record showing a removal of his incompetency, and no such change of interest in parties as we may infer it. The rule of law presuming that a fact once shown to exist continues to exist until the contrary is shown applies. The chancellor was incompetent, and the decree fails, and with it all subsequent proceedings based upon it."

We conclude that the disqualification of Judge Thompson, as shown in this case, is presumed to have continued, and that the judgment entered by him on February 1st was void.

[3] The action of the court in this case having been declared void, it would be improper for us to pass upon other questions raised in this appeal.

For the errors indicated, the judgment is reversed, and the cause remanded.