## HUNNICUT v. BRYDSON et al. (No. 6874.)

(Court of Civil Appeals of Texas. Austin. July 1, 1925.)

1. **Adverse possession ⚌110(1)—Title by limitation must be specially pleaded.**

Title by limitation may not be maintained, unless specially pleaded.

2. **Trespass to try title ⚌32—Where parties agree on common source of title, plaintiffs' pleadings need not negative defect in that title.**

In suit to try title to undivided one-half interest in tract and for partition, wherein plaintiffs alleged that they owned an undivided half interest, and defendant owned other, and defendant admitted title was derived from common source, his insistence that plaintiffs cannot recover as to portion of tract which common source obtained by limitations, for reason

that limitation title was not pleaded, though it was admittedly proven, cannot be sustained.

Appeal from District Court, Travis County; Cooper Sansom, Judge.

Trespass to try title by J. J. Brydson and others against H. P. Hunnicut. Judgment for plaintiffs, and defendant appeals. Affirmed.

Charles Rogan, of Austin, and N. A. Rector, of Laredo, for appellant.

Hart, Patterson & Hart, of Austin, for appellees.

BAUGH, J. Appellees sued appellant in trespass to try title to an undivided one-half interest in a lot 92 by 160 feet, situated at the corner of West Eighteenth and San Antonio streets in the city of Austin, and for partition of said tract. Appellees alleged that they owned an undivided half interest in the property; that appellant owned the other half interest; and that same was susceptible of partition. The court established the respective interests as alleged, and ordered partition of the property in kind. From this judgment Hunnicut has appealed.

Only one issue is raised on appeal—the right of appellees to the judgment rendered under the pleadings and the undisputed facts. The proof showed that in 1869 and 1870 Wiley Sampson, a negro, was conveyed two lots adjoining each other running north and south, each 46 by 128 feet in size; that he went into possession thereof, built a house thereon, and fenced same, and, in addition to the 92 by 128 feet actually conveyed him, he also fenced in a strip 32 feet wide and 92 feet long adjoining the north end of the lots conveyed him, claimed same as his own, paid taxes thereon, and had a limitation title thereto at the time of his death in 1910. When he died he left surviving him his common-law wife and two children by his former wife. The surviving wife and his two children each recognized the other's undivided interest in the land; that is one half in the widow and the other half in the children. The appellees acquired the undivided one-half interest of these two children in the entire tract, and appellant, Hunnicut, acquired that of the widow, who died in 1920. Each of these grantees recognized the interest of the other until some time in June, 1922, when Hunnicut appears to have taken entire charge of the property, to have collected all the rents thereon, and to have refused to account to his cotenants.

Appellant makes no denial as to appellees' half interest in the lands originally conveyed to Wiley Sampson, but insists that appellees Brydson et al. must both allege and prove a limitation title in them to an undivided half interest in the 32 by 92 foot strip before they can recover it even as against appellant. A

limitation title to this strip was admittedly proven, but none was alleged in the petition.

[1] Appellant's contention is that, not having pleaded a limitation title in them, appellees are not entitled to the benefit of the proof to establish it, even though such proof was admitted without objection. The rule seems well established in Texas that title by limitation cannot be maintained, unless specially pleaded. Curlin v. Hendricks, 35 Tex. 248; Mayers v. Paxton, 78 Tex. 196, 14 S. W. 568; Miller v. Gist, 91 Tex. 335, 43 S. W. 263; Bunn v. Laredo (Tex. Civ. App.) 208 S. W. 675.

[2] We find, however, in the agreed statement of facts the following:

"It is agreed and understood by the parties hereto that the findings of fact filed herein by the trial judge on June 7, 1924, contains a true and correct statement of all the material facts proved on the trial of the case, etc."

And in paragraph 12 of said findings of fact made by the trial court be found:

"That said Wiley Sampson and Rose Sampson are the common source of any title, claim, and interest owned by the plaintiffs and the defendant, H. P. Hunnicut."

Rose Sampson was the wife of Wiley Sampson, and the one through whom Hunnicut acquired his half interest in the land. She died in 1920, but it is undisputed that the limitation title in the said Wiley and Rose Sampson was complete in 1910, when Wiley Sampson died. Beginning with Sampson as the common source, it is not denied by appellant that appellees showed a clear title thereafter to the undivided one-half interest claimed by them in the entire tract. That being true, they were entitled to recover such interest and have the tract partitioned. Its susceptibility to partition is not attacked by appellant. As stated in the syllabus of Rice v. Ry. Co., 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72:

"The rule as to the common source of title is that when the plaintiff has proved that he and the defendant claim title to land from a common source, and that of the two titles emanating from that source his is the superior, he shows a prima facie right to recover."

In such case, if there be any outstanding claim of title in a third person anterior to the common source, it is presumed to be merged into the common source, unless the defendant shows the contrary. See, also, Cocke v. Ry. Co., 46 Tex. Civ. App. 363, 103 S. W. 407; Plummer v. Marshall, 59 Tex. Civ. App. 650, 126 S. W. 1162; Roberts v. Blount (Tex. Civ. App.) 120 S. W. 933; Long v. Shelton (Tex. Civ. App.) 155 S. W. 945.

Having thus agreed to the common source from which he and appellees derive whatever title and all title that either of them have, it was incumbent upon appellant, defendant below, to show defect of title, if any existed, in the common source, and not upon appellees. This he made no effort to do, but in effect admits that title to the 92 by 32 foot strip, the only land in controversy, was vested in Sampson by limitation as far back as 1910.

Appellant could not attack appellees' title without attacking his own. Having agreed to such common source of title in the whole tract, appellant effectively admits that appellees' title was good when they acquired it, and there was no issue as to title thereafter.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.