Alfred G. SCOTT et al., Appellants,

v.

R. A. WASHBURN et al., Appellees.

No. 3621.

Court of Civil Appeals of Texas.

Waco.

May 14, 1959.

Rehearing Denied June 11, 1959.

John O. Hoyt, Humble, for appellants.

Childress, Port & Crady, Houston, for appellees.

McDONALD, Chief Justice.

This is an action in trespass to try title to 30 acres of land in Harris County, Texas. The plaintiffs in the Trial Court were R. A. Washburn et al., who derived their claim by deed from Myrtle Moore Scott (second wife of C. M. Scott). The defendants were Alfred G. Scott and Margaret Scott Hollis, the children of C. M. Scott by his first wife.

Trial was to a jury; however, upon completion of the testimony the court withdrew the case from the jury and announced its finding that there were no issues as to any material fact and entered judgment for plaintiffs for title and possession of the land in controversy, and further ordered that defendants take nothing.

The common source of title is Mrs. C. H. Scott, mother of C. M. Scott and grandmother of defendants. Mrs. C. H. Scott conveyed 111.75 acres (of which the 30 acres here in controversy represents the northeast corner), to C. M. Scott in 1910, at which time C. M. Scott was a single man. In 1914 C. M. Scott married Ellen M. Scott, and defendants were born as issue of such marriage. Ellen M. Scott died in 1923. No administration was had or was necessary on her estate. After the death of Ellen M. Scott, C. M. Scott married Myrtle Moore Scott. C. M. Scott died in 1946, leaving a last will dated 28 April 1942, which was duly probated in the Coun-

ty Court of Harris County. Such will provides:

> "It is my will and desire that my wife, Myrtle Scott, shall have the 30 acres of land being the northeast corner of the farm where we now live, in fee simple, together with all improvements thereon, and all personal property, and that she have a life interest in the balance of the farm, and that at her death, said residue shall revert to my children, share and share alike."

At the date of the execution of the foregoing will C. M. Scott and Myrtle Scott were living on the farm comprising the 111.75 acre tract in which the 30 acres in controversy is located, and the farmstead was on the 30 acres in question.

On 19 May 1949 Myrtle Scott individually and as independent executrix of the estate of C. M. Scott, deceased, executed and delivered to plaintiffs herein deed to the 30 acres out of the northeast corner of the 111.75 acres.

As noted, the Trial Court entered judgment for plaintiffs. Defendants appeal on 10 points, but which present only four basic contentions: 1) Plaintiffs destroyed their own alleged common source of title. 2) The Trial Court erred in failing to find as a matter of law that C. M. Scott owned only a community undivided interest in the 111.-75 acre tract and had no power to devise a specific 30 acres to his second wife. 3) The Trial Court erred in excluding certain evidence, and in admitting certain other evidence. 4) Plaintiffs failed to properly locate the 30 acre tract they claim.

■ We revert to defendants' first contention that plaintiffs destroyed their own alleged common source of title and for such reason are not entitled to a judgment. The record reflects that common source of title was in Mrs. C. H. Scott, who was the mother of C. M. Scott; and it is clear that all of the rights of both plaintiffs and defendants in the 30 arces in controversy had a common origin in Mrs. C. H. Scott.

Thereafter plaintiffs introduced into evidence the grant to the survey, to establish that title to the survey in which the 30 acres was located had passed from the State. See Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410. Defendants contend that since the title as shown in the original survey does not connect up with Mrs. C. H. Scott, that plaintiffs have destroyed their own alleged common source of title. As noted, the record before us reflects that the rights of both plaintiffs and defendants had a common origin in Mrs. C. H. Scott. Defendants' contention is without merit. See Rule 798, Texas Rules of Civil Procedure.

Defendants' 2nd contention is that the 111.75 acre tract of which the 30 acres in controversy is a part, which was conveyed by Mrs. C. H. Scott to C. M. Scott while he was a single man, ripened into legal title in C. M. Scott and Ellen M. Scott (first wife) under the 10 year statute of limitations during their marriage, and that upon the death of Ellen M. Scott, her community interest in the 111.75 acres passed to her children, the defendants herein, and that the devise to the second wife, Myrtle Scott, was ineffective to vest title to the 30 acres in her, and that her deed to plaintiffs was ineffective. (This contention is predicated upon purported defect in or lack of record title of Mrs. C. H. Scott.) From the record before us, we hold that the 111.75 acres was the separate property of C. M. Scott, and not community property of C. M. Scott and his first wife. Mrs. C. H. Scott conveyed the property to C. M. Scott by warranty deed in 1910 when he was a single man. C. M. Scott went into possession of the tract and made such use of it as to constitute adverse possession under the 10 year statute of limitations.

■ The rule is that when a naked trespasser goes onto land, while single, and marries before title to the land is ripened by limitation, that such title, when ripened, becomes community property, *but when one, while single, goes onto land with a claim of*

*title (as evidenced by a deed), which title later ripens at a time when the claimant has married, then such title is the separate property of the claimant.* Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471.

Under defendants' 3rd contention complaint is made of the action of the Trial Court in excluding evidence of outstanding title in a J. M. Pruett. The tendered title in J. M. Pruett was anterior to the date of the deed from Mrs. C. H. Scott to C. M. Scott. Such could not rebut presumptions arising from proof of common source that the common source had acquired all the title to the land. Rice v. St. Louis, A. & T. Ry. Co., 87 Tex. 90, 26 S.W. 1047. See also 8 Baylor Law Review, 48, 54. Moreover, defendants made no claim to title by or through J. M. Pruett.

Defendants further complain of the admission into evidence of a partition deed from H. Walter Scott and wife to C. M. Scott and wife; and deeds from defendants to the City of Houston which conveyed portions of the remainder of the 111.75 acre tract to the City of Houston, and which in the description makes reference to the will of C. M. Scott and the deed from Myrtle Scott to plaintiffs. While we hold the complained of evidence to be admissible, if we be mistaken, such is harmless under Rule 434, T.R.C.P.

Defendants' 4th contention is that plaintiffs failed to properly locate the 30 acres they claim. The will of C. M. Scott devises "30 acres of land being the northeast corner of the farm where we now live". The 30 acres were carved out of the northeast corner of the 111.75 acre tract and included the farmstead. All of the parties knew what was referred to. A description in a deed is sufficient if it indicates the land conveyed thereby so that one familiar with the locality can identify the land with reasonable certainty, to the exclusion of any other. Henry v. Custard, Tex.Civ.App., 213 S.W.2d 862, 863 (no writ hist.). The farm referred to by C. M. Scott in his will has been identified with certainty by defendants, and the only question of location they have raised is that the 30 acres should be moved east far enough to include a narrow strip of land between the true east line of the 111.75 acre tract and the old fence line just east of the true line. Since C. M. Scott did not own or claim such narrow strip, such narrow strip could not constitute a part of his farm. Further, when a description calls for a particular quantity of land out of a particular corner of an established tract, of which two adjoining sides are known, then without a more definite description, such smaller tract shall be laid out in the form of a parallelogram on such given known sides. Woods v. Selby, Tex.Civ.App., 2 S.W.2d 895, affirmed, Tex. Com.App., 12 S.W.2d 994. We think the description sufficient.

All of defendants' points and contentions have been carefully considered and are overruled. The judgment of the Trial Court is affirmed.