**UNIVERSAL HOME BUILDERS, INC.,
et al., Appellants,**

v.

**W. E. FARMER, et ux., Appellees.**

**No. 22.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 13, 1964.

Jay M. Goltz, Weinberg & Sandoloski, Arnold N. Sweet, Dallas, for appellants.

Wm. Andress, Jr., Dallas, for appellees.

DUNAGAN, Chief Justice.

This is a suit brought by appellees (plaintiffs) in trespass to try title. Appellants (defendants) answered by plea of not guilty and other defensive pleas not involved on this appeal. The case was tried to the court without the aid of a jury. Judgment was entered for the plaintiffs. No findings of fact or conclusions of law were filed, and no request for such filing was made. There is a stipulation in the record by and between the attorneys for the parties that this case was heard before the court, no jury having been demanded, all parties agreed that there were no issues of fact in this cause and that the same should be submitted to the court upon written instruments and copies thereof, and that the court would try only the questions of law in the case. The stipulation further states that various deeds, copies of deeds, certified copies of deeds, plats and surveys, were submitted to the court to aid the court in its decision as to the law of the case. The parties agreed in open court that said deeds, copies of deeds, plats and surveys could be used in lieu of originals and were accepted as true and correct. The stipulation further recites that a list of said instruments, prepared by Miss Edith C. Davis, Court Reporter, is attached hereto and made a part hereof. A list of the exhibits introduced was made a part of the stipulation. By a stipulation and agreement of the par-

ties at the time of the trial of this case in the court below, the sole evidence submitted to the court consisted entirely of various deeds, copies of deeds, certified copies of deeds, plats and surveys, which are now shown to be before the court as a part of the record in this case. There was no oral testimony or any other character of evidence offered, except that above mentioned. All of the exhibits that were submitted to the court are now before this court as original exhibits pursuant to an order of the Trial Court. There is no statement of facts on file in this case with this court.

Appellants' points of error one and two are:

"First Point of Error

"APPELLANTS, HAVING PROVED A PRIMA FACIE CASE BY SHOWING TITLE FROM A

1. "BEING part of the JOHN R FONDREN SURVEY ABSTRACT NO 476 and being part of the 73.5 acre tract conveyed to W. ALEXANDER SCOTT SR be deed from REBECCA WEBB a widow dated August 13 1942 recorded in Vol. 2371 page 19 Deed Records of Dallas County Texas and being more particularly described by metes and bounds as follows to-wit:

"BEGINNING at a point 30 feet East and 210 South of the Northwest corner of said W. ALEXANDER SCOTT SR. 73.5 acre tract same also being the Southwest corner of that certain 5 acre tract conveyed by Deed dated August 12, 1942 from REBECCA WEBB a widow to E. M. HULQUIST recorded in Vol. 2364 page 601 Deed Records of Dallas County Texas;

"THENCE SOUTH 380.36 feet to a stake for corner;

"*THENCE NORTH 88 deg 45 min East 2630 feet to point for corner in the center of Prairie Creek;*

"THENCE NORTH and Northwesterly with meanderings of the center line of said Creek to the Northeast corner of said W. Alexander Scott Sr. 73.5 acre tract;

"THENCE SOUTH 88 deg 45 min West 1465.1 feet to a stake for corner being the northeast corner of said E. M. HULQUIST 5 acre tract;

"THENCE SOUTH along the East line of said Hulquist 5 acre tract 210

COMMON SOURCE, AND HAVING SHOWN SUPERIOR TITLE, WERE ENTITLED TO JUDGMENT.

"*Second Point of Error*

"THE SOURCE OF APPELLEE'S TITLE TO THE DISPUTED TRACT WAS GRADY WALL, A SOURCE INDEPENDENT FROM THE COMMON SOURCE OF THE PARTIES' TITLES, AND THERE WAS NO EVIDENCE AS TO THE SUPERIORITY OF SUCH SOURCE."

W. Alexander Scott, Sr., owner of Tract F-K-L-C-H-G-F, is the common source of title, both appellants and appellees having obtained their chain of title from him. Appellees' chain of title is through conveyances from Scott, et al. to Grady Wall,[1] and Grady Wall to W. E. Farmer and wife,[2]

feet to a stake for corner being the Southeast corner of said Hulquist tract;

"THENCE SOUTH 88 deg 45 min West along the South line of said Hulquist tract 1038 feet to the place of beginning and containing 29.621 acres of land net according to the survey made by J. R. JOHN CIVIL ENGINEER on June 5 1945." (Emphasis supplied).

2. "Tract of land situated in Dallas County, Texas. A tract of land, a part of the John R. Fondren Survey, Abst. No. 476, and out of the 73½ acre tract conveyed by Emily Maxwell, et al to Mrs. Rebecca Webb, a widow, by deed recorded June 13, 1942 in the deed records of Dallas County, Texas. BEGINNING at a point in the east right of way line of Dowdy's Ferry Road, said point being 270′ S. 0 deg. 15 min. E. and 30′ N. 88 deg. 45 min. E. from the N.W. corner of said Rebecca Webb 73½ acre tract, and being 60′ S. 0 deg. 15 min. E. from the S.W. corner of a 5 acre tract conveyed by Hattie Longchart, a widow, to J. F. Nelson, et ux., JESSIE, by deed dated March 27th, 1945 and recorded April 13, 1945, in the deed records of Dallas County, Texa*d*-THENCE S. 0 deg. 15 min. E. along the E. right of way of Dowdy's Ferry Road, 320.36′

"*THENCE N. 88 deg. 45 min. E. and parallel with the S. line of said J. F. Nelson 5 acre tract, 1000 ft.;*

"THENCE N. 0 deg. 15 min. W. and parallel with Dowdy's Ferrt Road 320.36′

appellees. The deed into appellees, being the last deed in their chain of title from the common source, allegedly creates a conflict involving a triangle of land 1,000 feet long and 30 feet wide along appellants' north line (triangle K–O–X), which is the area in dispute. Appellants contend that the question is one of title rather than boundary and appellees contend that it is a question of boundary rather than title. Be that as it may, we think this question is not important to a proper disposition of this case.

FIGURE I

Grady Wall, the immediate grantor of appellees, deeded a part of his original tract to appellees, W. E. Farmer and wife, Ora Jane. There was a call for parallelism in such deed from Wall to the Farmers for the first time which gives rise to appellees' claim to the land in dispute. Appellees contend that the parallel call in the Farmer deed would make Farmers' south boundary run North 89° 38' East rather than the actual call in the Farmer deed of North 88° 45' East. The Trial Court held that appel-

to a point that is 60' So. deg. 15 min. E. from said Nelson's S. line;
"THENCE S. 88 deg. 45 min. W. and parallel with Nelson's S. line 1000' to the place of beginning, and containing 7.360 acres of land." (Emphasis supplied).

lees' true south boundary, being appellants' north boundary, ran South 89° 38' East. The call in the description of the land in the deed from Wall to the Farmers, which has brought about the dispute between the parties to the land in question, is "THENCE N. 88 deg. 45 min. E. and *parallel* with the S. line of said J. F. Nelson 5 acre tract, 1000 ft." (Emphasis supplied). The south line of the Nelson tract calls for a course of North 89° 38' East. If the parallel call in the deed from Wall to the Farmers controls over the call for course and distance as contended by appellees, it would include the land in controversy. The deeds from the parties' common source in their respective chains of title, with the exception of the Wall to the Farmers deed, describe the north boundary of appellants' tract and the south boundary of appellees' tract as being South 88° 45' West, or conversely, North 88° 45' East without reference to any other muniment. Appellants say "there being no conflict in the first deeds from the common source, a fortiori, appellants have title to the land below line K–L (area in controversy). The deed from appellees' immediate grantor, Grady Wall, described the boundary line in question in a different manner. Appellants, having assumed and met the burden of showing title deraigned from a common source, are entitled to judgment for title and possession." With this contention, we agree. The rule as to a common source of title is that, where a party has proved that he and the other party claim title to land from a common source and that he has superior title, he shows a prima facie right to recover. Howard v. Masterson, 77 Tex. 41, 13 S.W. 635; Rice v. St. Louis, A. & T. Railway Co., 87 Tex. 90, 26 S.W. 1047; Temple Lumber Company v. Arnold, Tex. Civ.App., 14 S.W.2d 926; Roberts v. Blount, Tex.Civ.App., 120 S.W. 933.

Appellees' claim to the disputed tract springs from a description in their deed from Grady Wall whereby a call for parallelism, if the call for course and distance is disregarded, brings the southern line down to include the disputed tract. It is clear that if Grady Wall had superior title to the disputed area, it was from an independent source. The transcript and original exhibits filed herein constitute the entire record of the case and there is no evidence in the record making Grady Wall a superior titleholder to the disputed tract. The deed from the common source to Wall conveyed only property above line K–L as shown on plat. For appellees to prevail they must show outstanding superior title to the disputed tract into Wall deraigning from the State. No such evidence is in the record to overcome the presumption that the common source held all previous titles.

■■ Once a party has made proof of a common source of title a presumption is raised that the common source owns the title of all previous owners. Temple Lumber Co. v. Arnold, supra. The appellees having not shown that there is a superior outstanding title and that they are the holders of that title, the appellants are entitled to judgment for title and possession of the disputed tract. Pondrum v. Gray (Tex. Comm.App.) 298 S.W. 409 on re-hearing, 1 S.W.2d 278; Plummer v. Marshall, 59 Tex. Civ.App. 650, 126 S.W. 1162, err. ref.; Scott v. Washburn, Tex.Civ.App., 324 S.W.2d 957, err. ref. n. r. e.

The land conveyed from the common source of title into the appellants as reflected by the descriptions in the various deeds is contained within the area of K–M–I–L–K.

The description contained in the deed from Scott, et al. to Grady Wall does not embrace the portion of land that appellees claimed in this lawsuit as being conveyed to the Farmers in a deed from Wall. It is apparent that Wall did not acquire title to the disputed land through the deed of conveyance from Scott, et al. to Wall. Therefore, title to the land in question, not being vested in Grady Wall at the time of his deed of conveyance to the Farmers, could not convey same to the Farmers. In the case of

Cockrell et al. v. Texas Gulf Sulphur Co., 157 Tex. 10, 299 S.W.2d 672 it says:

> "We take it that no authority need be cited for the proposition that a deed can pass no greater estate than that owned by the grantor."

As hereinabove indicated, appellees now contend that a boundary question only is involved, although appellees brought suit in trespass to try title. Their position is that a conflict exists between the call for *"N. 88 deg. 45 min. E."* and the language immediately following *"and parallel with the S. line of said J. F. Nelson 5 acre tract"*. (Emphasis supplied). Appellees claim that the south line of said J. F. Nelson tract, as called for in the deed, is a superior call to course and distance and therefore the latter must be rejected. It is clear that the burden of proof was upon appellees to prove the *actual* location of such south line upon the ground before the call for course and distance could be ignored. Stein v. Roberts, Tex.Civ.App., 217 S.W. 166 (no writ); Fagan v. Stoner, 67 Tex. 286, 3 S.W. 44. Proof of the actual location of the line on the ground may in fact disclose no conflict at all.

■■ In applying rules of construction for the ascertainment of the boundaries of a grant, the primary question to be determined is the intention of the parties apparent from the face of the instrument. Huff v. Crawford, 89 Tex. 214, 34 S.W. 606. There is no evidence before us as to the location on the ground of any line or corner of any tract described in the various exhibits. No attempt was made to "trace the footsteps" of any surveyor of the surveys involved. We are left to ascertain the intention of the parties from the language used in the grant. Blackwell v. Coleman County, 94 Tex. 216, 59 S.W. 530. Where a conflict appears that construction should be adopted which more nearly harmonizes all of the calls of the grant; and when calls cannot be harmonized, effect should be given to those calls that will result in the least conflict. Sweats

v. Southern Pine Lumber Co., Tex.Civ.App., 361 S.W.2d 214 (n. r. e.).

■ An examination of appellees' deed from Wall fails to disclose upon its face a conflict or inconsistency in the description. It cannot be said that the description is uncertain or inadequately identifies the tract conveyed. There is no patent ambiguity discernible from the language used. But appellees insist that the language "and parallel with the S. line of said J. F. Nelson 5 acre tract" creates a conflict because the south line of the Nelson tract is *"North 89 deg. 38 min. East"*, whereas, the call in appellees' deed is *"N. 88 deg. 45 min. E."*. (Emphasis supplied). If such is in fact a conflict the same is a latent ambiguity, and resort may be had to rules of construction and to extrinsic evidence in order to interpret properly the description in appellees' deed and to give such effect to the whole and to the parts of that description as will accomplish, rather than defeat, the intention of the parties. Humble Oil & Refining Co. v. Ellison, 134 Tex. 140, 132 S.W.2d 395; Thomson v. Langdon, 87 Tex. 254, 28 S.W. 931. No extrinsic evidence was offered by appellees to establish the location on the ground of any line or corner of any tract upon which they rely as creating a conflict in the description of the deed. We are thus left to speculate as to the actual location on the ground of the lines and corners of the tracts in the survey.

Appellees argue that under the rules of priority for conflicting calls, one for course and distance must yield to a call for parallelism. If so applied here, the course and distance call of "N. 88 deg. 45 min. E." must be ignored and the remainder "and parallel with the S. line of said J. F. Nelson 5 acre tract" must be adopted as the true course of the south line described in appellees' deed.

■■ The rules of priority for conflicting calls are merely rules of evidence and courts are not in all situations under the necessity of giving preference to calls in the order of dignity. State v. Jones, Tex.Civ.

App., 184 S.W.2d 510 (no writ). While some calls are preferred to others, the rule is not inflexible and the courts will adopt the rule which is most consistent with the intention apparent upon the face of the instrument. Stafford v. King, 30 Tex. 257. As set out hereinabove, W. Alexander Scott, Sr. is the common source of title. In the deed from Scott, et al. to Grady Wall, under whom appellees claim, the call for the south line is as follows: *"THENCE NORTH 88 deg 45 min East"*. This line is shown as K–L on the plat. In the deed from Scott, et al. to Chambers, under whom by mesne conveyances appellants hold, the north line of the tract, which is also the south line of the Wall tract referred to above, is called *"THENCE North 88 deg. 45 min. East"*. (Emphasis supplied). Thus, this line precisely coincides with line K–L. It is significant that in neither of these deeds appears any calls for parallelism with any other tract. There is no evidence in either deed of an intention to create a system of parallels with any other portion of the survey.

The instrument upon which this lawsuit is based is the deed from Grady Wall to appellees. The south line of this tract is called *"THENCE N. 88 deg. 45 min. E."*, which coincides with the Wall's south line K–L, but the additional language *"and parallel with the S. line of said J. F. Nelson 5 acre tract"* is added. (Emphasis supplied). Appellees argue that the call for the north boundary in the deed from Scott to Wall as "THENCE SOUTH 88 deg 45 min West" must be rejected because this line runs from the northeast corner of the Scott tract which line appellees say is "already fixed as North 88 deg. 38 min. West". This argument ignores the absence of any evidence in the record that the true line from the northeast corner of the Scott tract to the Hulquist (Nelson) northeast corner is North 89 deg. 38 min. West. The true course of the line between those corners has not been shown.

Moreover, the true course and distance between the northeast corner of the Scott tract and the northeast corner of the Hulquist (Nelson) tract is immaterial in as-

certaining the intention of the parties to appellees' deed. No reference to either corner or the line joining them is made in appellees' deed. If the line between those two corners is North 89 deg. 38 min. West this would not necessarily render incorrect the call for the south line described by Scott as South 88 deg. 45 min. West. The same grantor, Scott, conveyed to Chambers (under whom appellants hold) and fixed the north line to coincide with the south line of the Wall tract with the call "South 88 deg. 45 min. West". The lines and corners of appellees' deed are not tied in with either the northeast corner of the Scott tract or the northeast corner of the Hulquist (Nelson) tract.

From these facts and circumstances it appears that by the use of the language *"and parallel with the S. line of said J. F. Nelson 5 acre tract"* the parties did not intend a course that was geometrically and mathematically equidistance at every point with the south line of the Nelson tract, but rather intended the language to convey a meaning of "with like direction or tendency" or "running side by side". The word "parallel" has been so defined. Valente v. Atlantic City Electric Co., 28 N.J. Super. 476, 101 A.2d 106; East St. Louis Connecting Ry. Co. v. Jarvis, 7 Cir., 92 F. 735; Postal Tel. Cable Co. v. Farmville & P. R. Co., 96 Va. 661, 32 S.E. 468. The language simply denoted lines which were not straight, as stated in Fratt v. Woodward, 32 Cal. 219, 91 Am.Dec. 573:

"By definition, parallel lines are undoubtedly straight lines; but in common speech about boundaries, or in a geographical sense, the words, as we all know, are often used to represent lines which are not straight, but are the photographs of each other. The term is used for the want of a better, and not because it in all respects fits the use to which it is applied. * * * It is so used to avoid a circumlocution, and while such use is not technically exact, it is not obscure, and there is no difficulty in understanding what is

meant. Nothing is more common than to speak of boundaries which are not straight as being parallel."

To adopt this construction is to give effect to the whole of the language used in the description and harmonizes all of its calls; to ignore the course and distance calls, as appellees suggest, would create a conflict where none truly exists and results in a party conveying a parcel of land which it does not own and did not acquire. We cannot ascribe that intention to grantor Wall in his deed to appellees.

It is our opinion that appellees failed to discharge the burden of establishing the existence of a conflict in the description of their deed; and if a conflict does in fact exist, failed to demonstrate that the intention of the parties to the grant was such that the call for course and distance was inferior to the call for parallelism.

The judgment of the Trial Court is reversed and rendered for appellants for title and possession of the tract in dispute.