## CITY OF DALLAS v. SCHAWE. (No. 8084.)

Court of Civil Appeals of Texas. San Antonio. Dec. 12, 1928.

Rehearing Denied Jan. 16, 1929.

Jas. J. Collins, Allen Charlton, H. P. Kucera, and W. Hughes Knight, all of Dallas, for appellant.

J. L. Lipscomb and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellee.

COBBS, J. Appellant sued appellee to recover a strip of land situated in the city of Dallas, 15 feet wide by 54 feet long, running parallel to Live Oak and Sycamore streets, and being 127 feet from Sycamore and 142 feet from Live Oak street, and between them, and extending easterly from Grigsby street 54 feet towards Prairie avenue.

It is alleged that in 1890 the persons owning the block bounded by Live Oak, Prairie, Sycamore, and Grigsby streets, filed for record a plat of the same, showing a 15-foot alley extending from Grigsby to Prairie between and parallel to and 135 feet from Sycamore and Live Oak streets, which 15-foot alley was dedicated to the city of Dallas.

The block was unimproved in 1890, but in 1903 the persons then owning the land opened and used an alley 15 feet wide and 127½ feet from Sycamore and 142½ feet from Live Oak; but this alley was 7½ feet south of the alley as platted. The strip as located has been used under a claim of right by the public as a public alley continuously, peaceably, and adversely since 1903, until the obstruction of same by the defendant on January 1, 1925.

It is alleged: That defendant's predecessors in title and the other owners in said block prior to the purchase of the lot claimed by the defendant, to wit, lot 6 of said block, had constructed their back fences and barns sidewalks, and improvements so as to leave said space open as a public alley, and had permitted the use of same as an alley for many years. That the acts of the owners of said lot 6 and other lots had caused the city to believe that they thereby intended to dedicate the alley as actually located on the ground, and such acts of said owners were reasonably calculated to produce such belief, and that the city and public were induced thereby to use the same as a public alley, and thereby said alley was dedicated and became a public alley. It was further pleaded that said alley was expressly and impliedly dedicated as a public alley by defendant's predecessors in title and other owners in said block, and also that the defendant had purchased, knowing that it was a public alley, after the expiration of the period of prescription and after the dedication, and that the deeds in her title, after the actual location of the alley on the ground, described lot 6 as existing from Sycamore street back 135 feet to an alley, and that the call for the alley controlled the call for distance, and by reason of such call the defendant was and is estopped from questioning the existence of such alley as actually located and used.

Defendant denied all allegations of the plaintiff, and pleaded that she purchased said lot 6 according to the plat recorded in 1890, and claims the land described in her deed, and alleged that there has been no use

of the alley to show a dedication or prescriptive right acquired by the appellant, and denied that the improvements made were to indicate a dedication, but that the strip was left for the convenience of the owners.

Defendant further pleaded estoppel because Street Commissioner Wylie authorized her to take possession of all land covered by said lot 6 and based on the survey of the city engineer fixing the rear of lot 6, and her act in building a fence on said line so dedicated. She further alleged that she later removed said fence, and for "æsthetic reasons" planted a hedge on said land, and that she would not have built a fence or planted a hedge except for said acts of the street commissioner and city engineer; that said acts constituted a disclaimer by the city and an abandonment of any claim by limitation.

The case was tried before the court with a jury on special issues, and upon their answers a judgment was rendered for appellee.

The evidence showed a plat of the Hodge and Rose subdivision, showing block 733–11 according to the official map of the city of Dallas to be as follows:

This is the only evidence of any express dedication of any alley. It is of equal length and depth, running entirely through the center of the block, east and west. Various owners of said block placed their improvements, intending to let them so lie upon the alleyway as to designate its true position, so that it is the contention of the city that in pursuance thereof and by their acts they led the public and the city of Dallas to believe that such owners intended to dedicate as an alley that portion of lot 6 in block 733–11 included within the land in controversy, and that such acts were reasonably calculated to produce such belief, and that the public and the city acted on such belief and used the same as an alley and constructed a sanitary sewer

therein and permitted the placing of telephone poles therein.

The following map represents the situation:

It is asserted by the appellee as to her property the engineer pointed out to her the center of the alley, as previously marked upon the ground, as the true location for her rear line, and that the street commissioner told her to move back and take possession of all her lot, and thereupon she moved her fence back to the line designated by the city engineer, at a cost of $12.50, and built her fence thereupon in April or May of 1924; and a few months thereafter took down the fence and planted a hedge in place of same at a further cost of $50. In other words, she first determined the original location of the rear line of her lot as originally platted to be 7½ feet north of where her rear fence was located when she bought. Wylie, the street commissioner, had an employé of the city engineer survey the alley, which closely corroborated her survey, stating the city did not want her land and to move her fence and take possession thereof, and thereupon she moved her fence back 7½ feet. There is no element of estoppel here. The question rather seems to have been in respect to identifying the boundaries of her land with reference to the true location of the alley. It was a boundary question; that is, as to the true location of the lines. There is ample testimony to show an original dedication of the alley upon the first-mentioned map. That is all the city possessed and all it could acquire by its use and occupation. The city is not in any respect seeking a new dedication; for it could not do that, neither could the appellee. It does not matter, so far as the title of the city is concerned, that there are high weeds growing in it, for it has been shown that the dedication was accepted and the property used by the city and the public as a public alley.

Beyond question the city had an alley by dedication through the block. Of course, a call for an alley is meant a call for an alley as located and marked, and not the alley as platted. Bell v. Wright (Tex. Civ. App.) 59 S. W. 615, and the call for an alley controls the call for distance.

The original alley in question seems to be of equal size and distance throughout. The remote grantors owned the fee to 142½ feet from Sycamore and running north. At the time of the deed pleaded by plaintiff, the alley had been marked so as to be only 127½ feet north of Sycamore, and the reference in the deed to the alley was as marked and opened, as shown in the map as dedicated.

In a question of dedication, it is quite immaterial whether a strip was used for ten years or not; the right does not depend upon issues involving a question of limitation. The city's right to the alley must depend upon the original dedication, and not upon public use, which would in the latter case depend upon limitation or prescription. Oswald v. Grenet, 22 Tex. 94. The use of the property, the building of the sewer, etc., was a sufficient act as well as the use thereof by the city and the public without reference to time.

It is shown by the testimony that at one time there was a fence across the back of this lot to the south of this alley. The old fence was moved back north approximately 7½ feet, and when the hedge was put up it was put 7½ feet further north, taking up the entire 15 feet of space. The hedge of appellee was placed on the north side of the alley. Deeds are in evidence showing that Hodge and Rose, who made the plat in evidence, conveyed lot 6 and other lots with reference to said plat, and that the defendant derived title from Hodge and Rose, and that some of the deeds in her chain of title called for an alley at the back of lot 6. All the testimony shows an irrevocable dedication of the 15-foot alley shown on the plat; and that this 15-foot alley shows a dedication including the 7½ feet of the strip sued for by the city; and that those claiming under them with reference to that plat are irrevocably estopped by the same from denying the dedication of the 15-foot strip shown on the plat. Defendant's lot does not include or conflict with the north 7½ feet of the alley as actually marked on the ground.

Defendant testified that she had the property surveyed and found she was only 7½ feet short, and claims only the 135 feet of land called for in her deed. She knew this was not, and had never been, a part of her land.

In submitting this case to the jury, the court made certain errors in its charge, not necessary here to discuss from the view we take of the case. The plaintiff having pleaded title, and the evidence having raised the issue, plaintiff had the right to have that issue submitted in some form to the jury. But as the evidence so fully supports appellant's contention as to the title, we do not think the error in refusing the special requested charges is important.

Appellant has clearly established a case that entitles it to recover the alley, on the facts. Therefore the judgment of the trial court is reversed, and judgment is here rendered for the appellant because the evidence shows as a matter of law the city had title by dedication and by limitation.

Reversed and rendered for appellant.