E. B. BLACK ET AL V. J. R. MOSLEY.

No. 7359. Decided July 12, 1939.
(130 S. W., 2d Series, 858.)

*W. H. Russell,* of Hereford, for plaintiff in error.

The City of Hereford having a lien on the Baker property for taxes, and having a statutory right to levy on said property by virtue of its tax rolls, cannot be liable in damages, neither is it wrongful to levy on the property by attachment. Nichols v. Paine, 113 S. W. 972; First State Bank of Hamlin v. Jones and Nixon, 139 S. W. 671; Harrison v. Columbus, 44 Texas 418.

*Carl Gilliland* and *James Gilliland,* both of Hereford, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On February 16, 1933, suit was filed in the County Court of Deaf Smith County in the name of the City of Hereford against Omer Baker and wife to recover the sum of $170.21, alleged to be due the City as taxes, interest, penalties, etc., for the years 1925 to 1932, inclusive. In that suit the City sought to foreclose a tax lien upon certain personal property situated in the Stockman's Cafe, which property was owned by Baker and wife, and was being used by a Mrs. Waldrip in conducting a cafe business in a building which she held under lease from J. R. Mosley. On the date of the filing of the petition mentioned, E. B. Black, Mayor of the City, made affidavit and executed bond, and writ of attachment was issued and levied by the Constable of the Hereford Precinct upon a part of the personal property belonging to Baker and wife and used in the cafe business conducted by Mrs. Waldrip. The officer executing the writ secured the keys, locked the building, and the business being conducted by Mrs. Waldrip was suspended. On April 1 thereafter an order was entered in the county court quashing the affidavit and bond and dissolving the writ of attachment. On the same day the City dismissed the attachment proceedings, and a few months later dismissed the tax suit from the docket of the county court. It seems to be undisputed that on the day the writ of attachment was dissolved the officer who had executed the writ, at the suggestion of E. B. Black, the Mayor, tendered to Omer Baker the keys to the building where the property was situated.

Later, Baker and wife brought suit against the City of

Hereford and against E. B. Black individually for conversion of the personal property which had been levied on in the manner aforesaid. That case reached this Court and opinion therein is reported in Black v. Baker, 130 Texas 454, 111 S. W. (2d) 706. The result of that suit was to adjudicate that the action of Black as Mayor was wholly unauthorized and void, in so far as the City of Hereford was concerned, and, even though there may have been a conversion of said personal property by the locking of the building by the Constable, the city of Hereford was in no manner liable. A judgment exempting it from liability was affirmed. The cause was reversed as to E. B. Black individually, on the ground that the petition was sufficient to allege a cause of action against him. We do not know what became of that action.

The present suit was filed in the District Court of Deaf Smith County July 16, 1934. It was brought by J. R. Mosley as plaintiff, who will be given that designation herein, against the City of Hereford and against E. B. Black, individually, who will be referred to as defendants. While it was in the nature of trespass to try title, nevertheless it contained elaborate allegations by which it was sought to show that plaintiff Mosley had been deprived of the possession of the building in which the personal property belonging to Baker had been situated, from the date of the writ of attachment was quashed until September 16, 1934, for which plaintiff was entitled to receive rentals at the rate of $40.00 per month. Plaintiff alleged that he was the owner of the lot upon which the building in question was located. He set forth the facts of the filing of the suit against Baker, the issuance of the attachment, the locking of the building by the Constable, and the surrender of possession by Mrs. Waldrip. From the opinion of the Court of Civil Appeals in the case it further appears that shortly after the building was locked by the Constable he turned the keys over to the attorney who had filed the tax suit for the City. In May, 1933, the building was burglarized, and one J. C. Mauk, the Marshall, placed more secure barricades and a new lock on the building in order to prevent further depredation. Soon after the writ of attachment was quashed, the Constable and Black, as well as the attorney who had filed suit for the City, tendered the keys of the building to Omer Baker. The Court of Civil Appeals further recites that on several occasions prior to the filing of the present suit these parties attempted to deliver the keys to plaintiff Mosley. Neither Baker nor Mosley would accept the keys, and the furniture,

fixtures and equipment belonging to Baker remained in the building until September 16, 1934, when they were delivered to Mosley, and the furniture, fixtures and equipment were removed.

The defendant answered by general denial and plea of not guilty. They also went to considerable length in alleging facts to show that they had not unlawfully withheld possession of the building from plaintiff. The principal contention was that Black had not instructed the Constable to lock the building and was not responsible for the locking of same.

The case was tried before a jury and submitted upon two special issues, the first submitting the question as to whether or not defendant Black instructed the Constable to lock the door to the building, to which the jury answered that he did not. The second submitted the question as to the rental value of the building during the period from the date of the attachment levy to September 16, 1934, and the jury found this to be $40.00 per month.

The trial court entered judgment in favor of defendants, but on appeal judgment was rendered in favor of plaintiff Mosley for title and possession of the premises and for the sum of $740.00, with interest thereon at the rate of 6 per cent from September 16, 1934. 110 S. W. (2d) 611.

In the Baker case it was decided that the acts of Black, as Mayor, were unauthorized and void, so far as the City was concerned, and that case settled the question of liability of the City in this case. The opinion of the Court of Civil Appeals in this case was written before the opinion in that case was handed down by the Supreme Court. Otherwise, the decision of the Court of Civil Appeals in the present case would have no doubt been different.

In the Court of Civil Appeals plaintiff submitted two propositions, which were in effect the same. It was there urged that as the case was one in trespass to try title, and as defendants had answered by general demurrer and plea of not guilty, under Article 7374 of the Revised Statutes of 1925, they had admitted that they were in possession of the premises described in plaintiff's petition, and were consequently liable as a matter of law for the resanoable rentals during the period of such possession. The Court of Civil Appeals sustained this proposition and held that the possession was withheld until September 16, 1934, notwithstanding the writ of attachment was quashed April 1, 1933, and a few months later the suit in which the writ was issued was dismissed; and further

notwithstanding the finding of the jury and the attempts of defendants to return the keys.

We think plaintiff's case necessarily falls because of his own voluntary position. Regarding this as a trespass to try title suit, then the trial court properly entered judgment against plaintiff because he wholly failed to prove title to the premises claimed by him. He attempts to hold defendants bound by the statutory rule prevailing in a strictly technical trespass to try title suit, and give them no benefit of their allegations and proof, as well as the finding of the jury, which exonerated them from an unlawful withholding of the possession of the premises. At the same time he would say that defendants did not contest plaintiff's title to the building. If it be conceded that the question of title was not in fact intended to be litigated, as apparently seems to have been true, then it is obvious that the pleadings of defendants must be construed as a disclaimer of all claims of title, and as intended to set up a defense to the claim of unlawfully withholding of possession. This is the plain interpretation of their pleadings, and the technical rule obtaining in a statutory case of trespass to try title had no application. However, under this view, the finding of the jury to Special Issue No. 1, to the effect that Black did not instruct the Constable to lock up the building and to withhold possession from plaintiff, coupled with the undisputed efforts on the part of defendants to surrender the keys to Baker and to reinstate plaintiff in possession, furnishes ample ground for upholding the judgment of the trial court. It appears, therefore,, that we need not determine authoritatively whether the Court of Civil Appeals was right or wrong in construing the pleadings of the defendants as it did, because in any event it was error to reverse the judgment of the trial court.

The judment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court July 12, 1939.