For the error herein discussed, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**SOUTHERN PINE LUMBER CO. v.
WHITEMAN et al.**

No. 5939.

Court of Civil Appeals of Texas.
Texarkana.

May 7, 1942.

Rehearing Denied June 11, 1942.

Guinn & Guinn, of Rusk, and R. E. Minton and J. O. Minton, both of Lufkin, for appellant.

Norman, Stone & Norman, of Rusk, and Shook & Shook, of Dallas, for appellees.

HALL, Justice.

This is an action in trespass to try title instituted by appellees to try title to the Gentry survey containing 160 acres of land located in Cherokee County; the 2d count therein seeks to establish the boundary between the Gentry survey on the South and the Newton survey on the North. Appellant disclaimed as to a part of the Gentry survey, and as to that part not disclaimed, pleaded not guilty and the 10 and 25 years' statutes of limitation, R.C.S. Articles 5510, 5519, Vernon's Ann.Civ. St. arts. 5510, 5519. Trial was to a jury on special issues. Based upon testimony offered solely by appellees (appellant offered none), the jury's verdict was for them. The judgment followed the verdict. The suit as originally brought was against appellant, Humble Oil & Refining Company, and Fidelity Oil & Royalty Company, the last two named being disposed of in the trial court are not parties to this appeal. This is the second appeal of this case, the first is reported in Tex.Civ.App., 104 S.W. 2d 635.

By appellant's 1st point, it is asserted that appellees "failed to show title connecting them with the sovereignty as to the portion of the land not disclaimed by the defendant." This point is overruled. The evidence taken as a whole reflects that appellees have title to at least an undivided portion of the Gentry survey. This fact, as we interpret appellant's brief, is not seriously contested by it. A cotenant owning less than the whole of a tract of land may maintain an action, as against a stranger to the title, to the entire tract of land. 41 T.J. 472 Sec. 17, and the numerous authorities there cited supporting the text. This is for the obvious reason that each cotenant is entitled to possession of the premises. But appellant contends that appellees' evidence did not show it to be a trespasser, and therefore they "are not entitled to recover as a cotenant owning less than all." In a trespass to try title action the answer of the defendant on the merits by plea of not guilty (as here) relieves the plaintiff of the necessity of proving a trespass and is an admission by defendant for the purpose of that action (trespass to try title) that he was in possession of the premises sued for. R.S. Art. 7374; Cook v. Dennis, 61 Tex. 246; Plummer v. Mar-shall, 59 Tex.Civ.App. 650, 126 S.W. 1162, writ refused; Mosley v. Black, Tex.Civ. App., 110 S.W.2d 611, reversed on other grounds 133 Tex. 479, 130 S.W.2d 858.

Appellant's points 2, 3 and 4, are:

"2. The undisputed evidence shows that none of the objects called for can now be found on the ground, but that the Gentry survey can be located by its courses and distances between its divergent and undisputed east and west lines on the ground, and when given such location all of its courses, distances and acreage calls are satisfied, and the courses and distances of adjoining surveys are satisfied, and such location is not the one claimed by the plaintiffs and established by the judgment.

"3. There is no competent evidence to support the judgment.

"4. The undisputed evidence shows that the northeast corner of the Newton survey is not at the point from which course and distance was projected to locate the Newton southeast corner from which the boundary between the Newton and Gentry surveys was run west."

It is undisputed that the South line of the Newton survey is identical with the North line of the Gentry survey and constitutes the dividing line between appellant's and appellees' claims. The proper location of this dividing line on the ground is decisive of this action. This is the ultimate issue and all evidence of other lines and corners of these and adjoining surveys is referable to this ultimate issue. The case, then, in our opinion, becomes one respecting a disputed boundary between the two surveys. The Newton survey being senior to the Gentry, and the Gentry's North line called to be identical with the South line of the Newton, the proper location, then, upon the ground of the Newton South line, regardless of where it may be, is conclusive of the location of the division line between them and the ultimate issue here. On July 13, 1847, A. Gibson surveyed the M. S. Harrison survey No. 342, which lies immediately East of the Newton survey, establishing its North line along the South line of the Levi Jordan and its Northwest corner in the Jordan South line. This fact was indisputably shown by the deed records of Nacogdoches County where the field notes of said survey are recorded with the following certificate of the surveyor:

"I, A. Gibson, a deputy surveyor for Cherokee County, do hereby solemnly

swear under my official oath that the survey designated by the foregoing plat and field notes was made by me on the 13th day of July, 1847, and the lines, boundaries, and corners of the same together with the marks, natural and artificial, are truly described therein.

"Witness my hand this the 19th day of October, A. D. 1847.

"Absalom Gibson
"Deputy Surveyor
"Cherokee County."

On February 8, 1848, A. Gibson surveyed the Newton survey and established its Northeast corner at the Northwest corner of the Harrison survey No. 324. At this time the Northwest corner of the Harrison survey No. 342 was at the point in the South line of the Levi Jordan survey. On April 30, 1850; James M. Trimble, county surveyor of Cherokee County, corrected the Harrison survey No. 342 by shortening its West line and lengthening its East line and changing the course of its North line from N 80 W to S 80 W. And upon these field notes as corrected, the Harrison No. 342 was patented July 12, 1850. This change or correction in the field notes of the Harrison survey No. 342 was made some two years after the original survey was made by Gibson and about 18 months after Gibson had surveyed out the Newton survey and fixed its Northeast corner at the Northwest corner of the Harrison survey No. 342. In such circumstances, it is our conclusion that the Northeast corner of the Newton was fixed, as a matter of law, at the Northwest corner of the Harrison survey No. 342 as it existed at the time Gibson laid out the Newton, and not at another and different point effected by the subsequent change by Trimble in the field notes of the Harrison survey. Kirby Lbr. Co. v. Gibbs Bros. & Co., Tex.Com.App., 14 S.W.2d 1013; City of Dallas v. Schawe, Tex.Civ. App., 12 S.W.2d 1074, writ dismissed; Phillips Petroleum Co. v. State, Tex.Civ. App., 63 S.W.2d 737, writ refused; Ashburn v. Vireca Corp., Tex.Civ.App., 68 S. W.2d 343, writ dismissed; Dow v. American Liberty Oil Co., Tex.Civ.App., 83 S.W. 2d 401, writ refused; Smith v. Linton, Tex.Civ.App., 130 S.W.2d 1108; Simmons v. Weis, Tex.Civ.App., 131 S.W.2d 103. Appellees' surveyor witness Smitherman testified without contradiction that none of the original bearing or witness trees in that vicinity were found by him; that the Northeast corner of the Newton is now marked by an old car-axle housing. In this latter statement Smitherman was corrobated by one Langston, a lessee of appellant to the Northeast portion of the Newton survey and owner of the Northwest portion of the Harrison No. 342. Using this recognized corner as a basis, the Newton survey was laid out by Smitherman and its South boundary line located as contended for by appellees. These points are overruled.

In our discussion we are not unmindful of the opinion of the Eastland Court of Civil Appeals on a former appeal of this case, 104 S.W.2d 635. That opinion shows that there was a sharp conflict in the evidence upon that trial as to the location of the dividing line between the Newton and the Gentry surveys which necessitated a submission of this disputed issue to the jury. That situation is not present here. None of the witnesses presenting the conflict in the former trial testified in the trial of this case. No testimony at all was offered by appellant in the trial court. When appellees closed their evidence appellant also closed.

■■ By its 5th point, appellant contends that the judgment of the trial court "is ambiguous when applied on the ground to the objects called for in it, leaving the officer who shall execute the writ of possession the judicial duty of determining which calls are true and which are false and must be rejected." We do not think the judgment subject to this criticism. It is specific in description both as to the whole Gentry survey and as to the 29-acre strip in dispute, giving courses and distances to objects now on the ground, in each instance conforming to the undisputed evidence. The rule with respect to the sufficiency of a description of land in a judgment is aptly stated in 7 T.J. p. 258, Sec. 94, as follows: "The test of sufficiency is as to whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground and without exercising judicial functions ascertain the locality of the line; that is, whether the officer could with the assistance of a competent surveyor find the line by the matters set out in the judgment." Billups v. Cochran, 60 Tex.Civ.App. 473, 127 S.W. 1121; Collins v. Powell, Tex.Civ.App., 268 S.W. 1031; Humble Oil & Refining Co. v. Owings, Tex.Civ.App., 128 S.W.2d 67.

We conclude, therefore, that the undisputed facts in this record establish as a matter of law the location of the South line of the Newton survey and the North line of the Gentry survey at the place contended for by appellees. It is not intended by this opinion to settle the disputed issue relative to the South boundary line of the Levi Jordan survey, except in so far as it affects the two surveys here involved, namely, the Newton and the Gentry, and the parties to this appeal. The above conclusion renders unnecessary a discussion of the other points brought forward.

The judgment of the trial court is affirmed.