**Miller McCRAW et al., Appellants,**

**v.**

**CITY OF DALLAS and Texas Turnpike Authority, Appellees.**

**No. 16974.**

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1967.

Rehearing Denied Nov. 3, 1967.

Searcy M. Ferguson, Jr., Blanchette, Smith & Shelton, Dallas, for appellants.

Joe H. Staley, Jr., of Locke, Purnell, Boren, Laney & Neely, Kenneth C. Dippel, Asst. City Atty., Dallas, for appellees.

BATEMAN, Justice.

This is a suit by abutting owners against the City of Dallas and Texas Turnpike Authority for title to a strip of land 30 feet wide and 1,137.79 feet long. The principal question involved is whether the dedication of the strip as a street in 1941 has been timely accepted, or rejected or abandoned by the City in the intervening years. The trial court rendered summary judgment that the plaintiffs take nothing and adjudicating that the City of Dallas have an easement to the strip without encumbrances or impairments, for public use as a street or thoroughfare. The plaintiffs appeal.

*Facts*

The appellants, Miller McCraw and wife, owners of a tract of land north of the City of Dallas, subdivided a portion thereof lying immediately south of Northwest Highway and immediately west of the right of way of St. Louis & Southwestern Railroad, and filed a plat thereof for record in the office of the County Clerk of Dallas County on March 1, 1941. Accompanying the plat was a dedicatory certificate signed by the McCraws whereby they adopted the plat, adding: "and, WE do hereby DEDICATE TO THE PUBLIC USE FOREVER the streets and alleys and parkways shown thereon." The strip in question was shown on this plat as "CHITTY AVENUE" and was shown to lie along the eastern edge of the subdivision, immediately west of and adjoining the said railroad right of way and extending south from the south line of Northwest Highway to the southern boundary of the subdivision. Block A consists of several large lots facing north on Northwest Highway, and Lot 5 of that block is in the extreme northeast corner of the subdivision, its east boundary being on the west boundary of

Chitty Avenue. Block D of the subdivision consists of seven large lots extending from McCraw Drive on the west to Chitty Avenue on the east. Berkshire Lane, running east and west between Block A on the north and Block D on the south, terminates at Chitty Avenue.

On May 22, 1952 the McCraws filed a revised plat of Block A of the subdivision which changed the dimensions of all the lots therein and incorporated in Lot 5 the north end of Chitty Avenue, that is, the 210.87 feet of it north of Berkshire Lane. This revised plat of Block A was also recorded in the Map Records of Dallas County. Both it and the original plat of the subdivision were approved by the City Plan Commission of Dallas.

In 1945 the subdivision was annexed by the City of Dallas. The City of Dallas has never improved the strip (Chitty Avenue) or made any use of it whatever. During the eleven years between the time of filing the original plat in 1941 and the filing of the revised plat of Block A in 1952, several lots in the subdivision were conveyed by deeds referring to the original plat.

The appellee, Texas Turnpike Authority, began planning a toll road over the railroad right of way from downtown Dallas through the towns of Highland Park and University Park to Interstate Highway 635. As a part of that plan it proposed to use the strip of land in question for an entrance ramp to the southbound lanes of the toll road.

The appellants, other than the McCraws, were purchasers of certain lots in the subdivision. All of their conveyances, as well as the deeds conveying other lots to other purchasers who were not parties to the suit, described the lots conveyed by reference to the original plat recorded in 1941.

The appellee Texas Turnpike Authority filed a cross-action in condemnation against

the appellants, asserting its statutory* right of eminent domain over most of the strip in question, but when the court announced its decision to grant the City's motion for summary judgment it nonsuited its cross-action.

### Opinion

By their first, fourth, tenth, twelfth and thirteenth points of error on appeal the appellants contend that as a matter of law there was an abandonment of the strip and, alternatively, that there were fact issues as to whether it had been abandoned. Appellants say that there was evidence of such abandonment in that: (a) neither the County, nor the City after annexation of the area, ever opened Chitty Avenue graded it or paved it or did anything to make it available to the public as a street; and (b) the proposed use of it as an entrance ramp to the tollway, whereby members of the public would be able to use it to reach only the southbound portion of the tollway, is an altogether different use than that for which it was originally dedicated and is an additional burden or servitude on appellants' abutting land.

■ Appellants rely principally upon Griffith v. Allison, 128 Tex. 86, 96 S.W.2d 74 (1936), and Magee Heirs v. Slack, 152 Tex. 427, 258 S.W.2d 797 (1953). However, those cases are not controlling here. They do announce the rule that abandonment occurs when the use for which property is dedicated becomes impossible, or so highly improbable as to be practically impossible, or where the object of the use for which the property is dedicated has wholly failed; but it clearly appears from the opinions that the platting of the subdivision or addition in question in each of those cases evidenced a dream or plan of

an extensive urban development which utterly failed of fulfillment and was "impossible of accomplishment," making it quite obvious that the dedication of streets, roadways and parks therein had been abandoned. Such a situation is not reflected by the record before us.

Appellants also rely on City of Fort Worth v. Burnett, 131 Tex. 190, 114 S.W.2d 220 (1938), holding that the City of Fort Worth had no right to use land for a public library which had been given to the City to be used as a park and place of recreation, and numerous other cases.

■ In our opinion, the cases cited by appellants do not support their contention that the proposed use of the strip would constitute such additional burden or servitude on their property as to effect a reverter of title to the easement. The area in question was dedicated as a public street, obviously intended for vehicular traffic. The new proposed use thereof is for vehicular traffic. The slight difference between the use now contemplated and the use probably contemplated by the dedicators is not in our opinion sufficient in law even to be evidence of abandonment of the original dedication.

■ Land dedicated for the use of the public as a street may continue to be used by the public as a street, not only in the manner in which streets are ordinarily used at the time of dedication, but also to accommodate the most recently invented vehicles and to conform to modern plans for traffic acceleration and control. Andrews v. City of Marion (1943), 221 Ind. 422, 47 N.E.2d 968; Franklin v. Board of Lights and Water Works, 212 Ga. 757, 95 S.E.2d 685 (1956).

---

* Vernon's Ann.Civ.St. Art. 6674v, provides, *inter alia*, for the creation of the Texas Turnpike Authority with power to construct modern expressways, to condemn land needed therefor, to issue revenue bonds to pay the cost thereof, to collect tolls for the use thereof, and that when such bonds are paid the tollroads may be

taken over and maintained by the State Highway Commission, free of tolls. The Authority is also given power to use, change, reconstruct or relocate any existing highway or street. See Texas Turnpike Authority v. Shepperd, 154 Tex. 357, 279 S.W.2d 302 (1955).

■ Mere nonuser of an easement will not extinguish it. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849 (1950); Dallas County v. Miller, 140 Tex. 242, 166 S.W.2d 922 (1943); Peterson v. Greenway Parks Home Owners Ass'n, 408 S.W.2d 261, 267 (Tex.Civ.App., Dallas 1966, writ ref'd n. r. e.). The last two cited cases are also authority for the principle that, although abandonment may be shown by circumstantial evidence, yet the circumstances must be established by clear and satisfactory evidence. As stated by Judge Hickman for the Commission of Appeals in Dallas County v. Miller, supra, " * * * while abandonment may be established, like any other fact, by circumstances, yet those circumstances must disclose some definite act showing an *intention* to abandon and terminate the right possessed by the easement owner. The material question is the *intention* to abandon, and that intention must be established by clear and satisfactory evidence. Mere nonuser of an easement will not extinguish it." (Italics ours.) No such showing of intention to abandon is made here. "The facts regarding the alleged abandonment are undisputed. Therefore no jury question arises, but only a question of law." Adams v. Rowles, supra. We decide that question of law adversely to appellants and overrule their first, fourth, tenth, twelfth and thirteenth points of error.

■ By their second, third and eleventh points of error appellants assert that there was a material fact issue as to whether there was an acceptance by the City of Dallas, and also that, as a matter of law, the offer of dedication had been withdrawn before acceptance by the public; that the incorporation of the land into a multi-lane toll road constitutes such withdrawal, as well as a refusal by the City to accept the property as dedicated.

We see no merit in any of these points. Several of the lots in the subdivision were sold by reference to the plat recorded in 1941, and it has been held many times that such sales constitute a valid acceptance of the offer, making the dedication effective and irrevocable. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849 (1950); Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, 113 S.W. 1167 (1908); Oswald v. Grenet, 22 Tex. 94 (1858); City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924 (1904). There was no material controverted fact issue to be submitted to the jury, and we hold from the undisputed facts that as a matter of law the offer of dedication was not withdrawn or rejected but was timely accepted on behalf of the public. Appellants' second, third and eleventh points of error are overruled.

■ By their fifth, sixth and seventh points of error the appellants assert reversible error in the failure of the City of Dallas to file an abstract of title pursuant to demand made under Rule 791, Vernon's Texas Rules of Civil Procedure, making all of the documentary evidence offered by the City in support of its motion for summary judgment inadmissible. Rule 791 provides that in a trespass to try title suit either party may demand an abstract in writing of the claim or title on which his opponent relies

Rule 792, T.R.C.P. provides:

"Such abstract of title shall be filed with the papers of the cause within twenty days after the service of the notice, or within such further time as the court on good cause shown may grant; and, in default thereof, no evidence of the claim or title of such opposite party shall be given on trial."

The purpose of these rules is to give timely notice of the basis of an asserted claim of title and thus enable the opposite party to investigate and prepare to meet it. 56 Tex.Jur.2d, Trespass to Try Title, § 102, p. 221.

■ The rule will not be strictly enforced when to do so will result in injustice. Its purpose is to help the cause of justice and fairness in litigation, not to pervert or

hinder it. Davis v. Dowlen, 136 S.W.2d 900, 904 (Tex.Civ.App., Beaumont 1939, writ dism'd jdgmt. cor.). Extensions of time will be freely given, even to permitting the filing of an amended abstract "[a]t the commencement of the trial." Keller v. Downey, 161 S.W.2d 803, 808 (Tex.Civ. App., Beaumont 1942, affirmed 143 Tex. 171, 183 S.W.2d 426).

Moreover, if the party's pleading supplies the information which an abstract would contain, evidence of the facts so pled is admissible. Johnson v. Durst, 115 S.W.2d 1000 (Tex.Civ.App., Austin 1938, writ dism'd); Reeves v. Fonville, 267 S.W. 2d 238 (Tex.Civ.App., Texarkana 1954, no writ). This is also true as to instruments described in a list filed pursuant to Art. 3726, V.A.C.S. Semmes v. Olivarez, 368 S.W.2d 46 (Tex.Civ.App., Austin 1963, no writ).

The affidavit of Kenneth C. Dippel, filed 19 days prior to the hearing, contains a list of all the deeds which the City offered in connection with its motion for summary judgment, together with all of the information required in connection therewith by Rule 793, T.R.C.P., and this gave appellants all of the notice and information an abstract would have given. Therefore, the error, if any, was purely technical and harmless. Rule 434, T.R.C.P.

Moreover, these deeds were not links in the City's chain of title. The parties stipulated that Miller McCraw and wife were the common source of title. The only link or muniment of the City's title was the plat recorded in 1941, and appellants themselves offered proof of it and its filing. The only purpose of the deeds was to foreclose appellants' claim of non-acceptance, or withdrawal before acceptance, of the dedication by showing the sale of lots in the subdivision by reference to the very plat under which the appellees claim. Davis v. Cisneros, 220 S.W. 298 (Tex.Civ.App., San Antonio 1920, writ dism'd); Hays v. Hinkle, 193 S.W. 153 (Tex.Civ.App., Texarkana 1917, writ ref'd); Barrera v. Duval County Ranch Co., 135 S.W.2d 518 (Tex. Civ.App., San Antonio 1939, writ ref'd); Wolf v. Wilhelm, 146 S.W. 216 (Tex.Civ. App., San Antonio 1912, writ ref'd).

Appellants' fifth, sixth and seventh points of error are overruled.

Under their eighth point of error the appellants say that the trial court erred in rendering summary judgment because the City of Dallas is estopped by its own act (the approval by the City Plan Commission of the subsequent revised dedication of Block A) to claim the right to use the northern part of Chitty Avenue, which was in said revised plat incorporated into Lot 5 of Block A.

No element of estoppel is presented here. City of Dallas v. Schawe, 12 S.W.2d 1074 (Tex.Civ.App., San Antonio 1928, writ dism'd). Moreover, the revised plat and dedication of Block A are in our opinion void because the attempted revision was not in compliance with Art. 974a, V.A.C.S., which sets forth the exclusive method of withdrawing or revising dedications. Gambrell v. Chalk Hill Theatre Co., 205 S.W.2d 126 (Tex.Civ.App., Austin 1947, writ ref'd n. r. e., cert. den. 334 U.S. 814, 68 S.Ct. 1071, 92 L.Ed. 1745); Priolo v. City of Dallas, 257 S.W.2d 947 (Tex.Civ.App., Dallas 1953, writ ref'd n. r. e.). The eighth point of error is overruled.

By their ninth point of error appellants complain that the language of the summary judgment in effect grants to the City of Dallas a fee title to the strip in question. The language of the judgment complained of is:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the City of Dallas has an easement without encumbrances or impairments, for the public use as a street or thoroughfare, to the following described property, to-wit:" (describing the strip in question.)

Appellants argue that by using the words "without encumbrances or impairments," the court in effect adjudicates a fee title which the City would own even though it discontinued use of the land as a street. We do not agree. The language of the judgment is quite clear and gives the City only an easement "for the public use as a street or thoroughfare," not for any other purpose. The fee title of the abutting property owners, subject to that easement, is not disturbed. This point of error is overruled.

We have carefully examined all of appellants' points of error and find therein no justification for reversal of the judgment. It is therefore affirmed.