**Aaron J. McDOWELL, Appellant,**

v.

**L. D. COKER et ux., Appellees.**

**No. 577.**

Court of Civil Appeals of Texas, Tyler.

Oct. 28, 1971.

W. D. Brown, Quitman, for appellant.

James L. Hartsfield, Mineola, for appellees.

McKAY, Justice.

This is a boundary dispute brought in trespass to try title wherein appellees brought suit to establish title under the ten year statute of limitations to a 0.988 acre tract of land. In answer to special issues, the jury returned a verdict for appellees, and appellant filed a motion for judgment non obstante veredicto. Such motion was

overruled and the appeal is predicated upon that action of the court.

Appellant brings three points of error and his principal contention is that the appellee failed to locate the land in question on the ground, and that therefore there was no evidence, or insufficient evidence, to warrant the submission of the question of adverse possession to the jury. Appellees, by their petition, make claim to 0.988 acres of land which they describe by metes and bounds as a part of a 50 acre tract deeded to them in 1967.

The question of adverse possession was submitted to the jury under the 10 year statute of limitations. The judgment of the trial court recited the same metes and bounds description as was in appellees' petition. It should therefore be noted that a certain metes and bounds description was used by the appellees in their petition; that the question of adverse possession was submitted in terms of this description; and that the judgment recited and was based upon the same metes and bounds description.

Appellant contends that appellees are bound by their pleadings and that because the description in appellees' petition was not located on the ground, the trial court erred in its submission of the issue of adverse possession as set out. Appellant claims that because the respective deeds of the parties described their boundary line as running due north and south, it is a physical impossibility to locate the 0.988 acres of land as described by appellees in their petition. This claim is apparently based on the wording of the petition which describes the 0.988 acres of land as "being a part of a tract described in Deed from Bud Coker et ux, to L. D. Coker."

■ We do not agree with appellants' contention. Appellees claimed peaceful and adverse possession of 0.988 acres of land which they say is a part of the tract deeded to L. D. Coker by his grantor and the pleading follows with a particular metes and bounds description of the land

in dispute. Where there is a conflict or repugnancy between a general and a particular description, the particular description must prevail. Baldwin v. Willis, 253 S.W.2d 287 (Tex.Civ.App., Beaumont, 1952, writ ref., n. r. e.). Further, we are of the opinion the testimony clearly shows that both parties were aware of the land in dispute and its location. The description requirements of a petition in a trespass to try title suit are set out in Rule 783, Texas Rules of Civil Procedure. There it is stated the petition shall state:

"* * * (b) A description of the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered, and state the county or counties in which the same are situated."

■ Our Supreme Court in Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490 (1934), sets out the following rule as to the location of land in dispute:

"* * * (B)ut he (plaintiff) was also required to offer sufficient proof as to the actual location of the land so that an officer seeking to enforce a writ of possession under a judgment in his favor could locate the same and restore him to the possession from which he had been ousted without such officer being required to exercise judicial functions. * * *"

The same rule is stated another way in Southern Pine Lumber Co. v. Whiteman, 163 S.W.2d 212 (Tex.Civ.App., Texarkana, 1942, err. ref., w. o. m.). See also 56 T.J. 2d, section 136, page 286–7. We believe that appellee met the requirements of both the rule and the authorities cited.

There was direct testimony by David Pollard, a licensed Texas surveyor, and the county surveyor of Wood County, that he surveyed the land in question on the ground and prepared a field note description of the same which is that contained in appellees' petition. There was also testi-

mony by several witnesses for appellees describing appellees' possession of the land described and located by Pollard. We think the evidence is sufficient to show that a surveyor could locate the land in question on the ground by using Pollard's field notes which begin at a definite point that is tied to a corner of the Groce Survey in which the land is located and contains definite calls which enclose the tract in question.

We have examined the entire record, and while there was disputed evidence as to the actual adverse possession by appellees, we cannot say that there was no evidence or insufficient evidence to warrant a submission of an issue of adverse possession based upon the description of the land in appellees' petition.

The judgment of the trial court is affirmed.