

# The Attorney General of Texas

November 12, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Stubblefield
Williamson County Attorney
Georgetown, Texas 78626

Opinion No. MW-269

Re: Whether conveyance of a strip of land requires vacating of an original plat and replatting under article 974a, V.T.C.S.

Dear Mr. Stubblefield:

You inquire about the application of article 974a, V.T.C.S., to the conveyance of a strip of land not effected for the purpose of laying out a subdivision or suburban lots. You inform us that the original purchasers of a house and lot in the subdivision discovered that the house had been inadvertently situated approximately one foot from a lot line, in violation of local setback ordinances. The developer owns the adjacent lot and has offered to convey a strip of land along the lot line wide enough to satisfy setback requirements. This conveyance would leave the unsold lot of adequate size for residential construction.

You ask the following questions:

> 1. Is there a violation of article 974a, V.T.C.S., if the developer conveys the strip of land by metes and bounds?

> 2. May an amendment to the plat be filed to reflect the conveyance, and, if so, subject to what procedure?

A recorded subdivision plat may not be amended except in conformance with section 5 of article 974a, V.T.C.S. *Priolo v. City of Dallas*, 257 S.W. 2d 947 (Tex. Civ. App. - Dallas 1953, writ ref'd n.r.e.); *McCraw v. City of Dallas*, 420 S.W. 2d 793 (Tex. Civ. App. - Dallas 1967, writ ref'd n.r.e.); *Blythe v. City of Graham*, 287 S.W. 2d 527 (Tex. Civ. App. - Fort Worth 1956, writ ref'd n.r.e.). Section 5 of article 974a requires, in cases where lots in a subdivision have been sold, that a subdivision plat be vacated, in whole or in part, before an amendment such as you propose can become effective. After a vacation, a conveyance by metes and bounds could be made and a new plat could be filed. Under the circumstances that you

describe, a vacation of the part of the plat showing the two affected lots would require the approval of all of the owners of lots in the subdivision.

It would seem that a more practical solution to the problem of the violation of the local setback ordinance would be to apply for a variance to the setback requirement. If the variance was granted, there would no longer be a violation.

## SUMMARY

Although à land owner may convey a strip of land by metes and bounds, the plat of the subdivision cannot be amended to reflect that conveyance. It must be vacated and replatted pursuant to article 974a, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Ralph Aldave
Jon Bible
Rick Gilpin
Bruce Youngblood