Nassar v. Cole 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-070-CV

Â Â Â Â Â MILAD NASSAR,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â PHYLLIS M. COLE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 234th District Court
Harris County, Texas
Trial Court # 90-56816
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is a boundary dispute in the form of trespass to try title between two property owners
whose lots abut each other at their rear boundaries. Milad Nassar owns Lot 10, and Phyllis Cole
owns Lot 15 and the East fifteen feet of Lot 16. At or about the time Nassar bought his property
in September 1989, someone tore down Cole's chain-link fence and constructed a new wooden
fence for Lot 10 approximately eighteen inches farther into what Cole considers her property. 
Nassar claims that the new fence is on the true property line. The jury found that Cole owned the
disputed strip of land and awarded her $3650 for its rental value and costs of repairs. Nassar
raises legal- and factual-sufficiency complaints about the evidence supporting the damage award
and also claims that the judgment is void because it does not describe the disputed strip with
sufficient particularity to locate it on the ground. We will reform the judgment to delete the
damages and then affirm.
Â Â Â Â Â Â In its judgment, the court awarded Cole ownership and possession of the disputed strip of
property, "that being a portion of land as outlined and described by Plaintiff's survey by Billy
Shanks dated October 19, 1989[,] and attached and incorporated herein for all purposes by
reference." Nassar contends in point five that the judgment is void because it does not describe
the disputed tract with enough certainty to locate it on the ground.
Â Â Â Â Â Â The judgment in a trespass-to-try-title action must describe the land in dispute with certainty. 
Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064, 1066 (1938). A description is sufficient if it
identifies the land with enough certainty that an officer charged with the duty of executing a writ
of possession could, with the assistance of a competent surveyor, locate the property on the ground
from the description in the judgment. Southern Pine Lumber Co. v. Whiteman, 163 S.W.2d 212,
214 (Tex. Civ. App.âTexarkana 1942, writ ref'd). The survey incorporated into the judgment
depicts in scale, with accompanying measurements, the boundary line between Cole's and Nassar's
property, the location of Nassar's new wooden fence, and the location of Cole's old chain-link
fence before it was destroyed. This provided a sufficient description of the disputed strip of land
to locate it on the ground. See id. Point five is overruled.
Â Â Â Â Â Â In response to Question 2, the jury awarded Cole $3650 for the rental value of the disputed
strip and cost of repairs. Nassar objected to the question on the ground that there was no evidence
of rental value or cost of repairs, but his objections were overruled. His first point is that there
was no evidence to support the submission of the damage question. He contends in points two and
three that the evidence is factually insufficient to support an award of rental value or cost of
repairs. His fifth point is that the damage award is excessive. Finally, in point six he argues that
the damage question should not have been submitted because there was no evidence that Nassar
caused Cole's damages.
Â Â Â Â Â Â With respect to her damages, Cole said that she purchased concrete blocks that were used to
cover the opening at the bottom of the wooden fence so that her dogs would not escape from her
yard. She never testified, however, as to their cost. Moreover, there is no evidence of the cost
of moving shrubs that were displaced by the wooden fence or the cost of replacing the chain-link
fence that was destroyed. In short, there is no evidence of the reasonable and necessary cost of
repairs.
Â Â Â Â Â Â She also testified about other damages:
Q And, what other damage have you sustained because of that fence being on your property?
. . . 
A Um -- every time I look out my window, I look at that nasty set up there. It was all hedge
along the chain link fence. . . . And now, there's no hedge. And there's no chain link fence.
. . . and it hits me in the face every time I look out the window, sorry to say, . . . and it
reminds me of what I've gone through, and it's just not a very happy sensation to look out the
window anymore.
Q How long has that been going on?
A Oh, almost two and a half years now.
Q Have you suffered loss of sleep, or some other loss, just because of this?
A Well, I --
[DEFENDANT'S COUNSEL]: Objection. Your Honor, these mental anguish damages
were not pled, --
[OBJECTION SUSTAINED]
Q You have not had the use of that land? Is that right?
A No. I haven't had the use of the land, and I haven't been able to do anything to redeem
the appearance of it, because I kept waiting for the hedge to get moved back where it
belonged.
 . . . 
Q Are you able to put a dollar value on your loss, Mrs. Cole?
A I'd hate to try, but -- golly. How about, -- oh, $5.00 a day. That sound reasonable?
Q You feel you've lost $5.00 a day, in fact, that's your damages, because of the loss of use
of that land?
A Yeah, I think so.
Q For some two years[?]
A Mm hmm.
Q Are you asking the court to award you that?
A It would be very nice.
(Emphasis added).
Â Â Â Â Â Â When questioned on cross-examination, however, Cole testified:
Q What do you base your $5.00 a day damages on?
A Just having to look at that mess all this time.
Q And, what mess is that?
A Well, I haven't been able to re-plant anything. And, here stands this board fence with this
crazy angle at one end, and the aggravation, time spent here, over at [my lawyer's] office, and
doing all these other things it involves.
Q This $5.00 a day is not based on fair rental value --
A Oh, no.
Q -- or anything like that.
A Huh uh.
Q Okay. Um --
A No, I'm sure it would be more than that for that. 
(Emphasis added).
Â Â Â Â Â Â A person who is awarded possession in a trespass-to-try-title proceeding can recover damages
for use and occupation of the property by the wrongdoer. Tex. R. Civ. P. 805. The measure of
damages is the rental value of the property wrongfully enclosed, which requires some evidence
of its fair cash rental value. City of Austin v. Long, 296 S.W.2d 624, 628 (Tex. Civ.
App.âAustin 1956, writ ref'd n.r.e.). 
Â Â Â Â Â Â Cole's testimony about the basis for her estimate of damages is contradictory. At first, she
says under direct examination that her damages for "loss of use" is $5.00 a day. Under cross-examination, however, Cole admits that her estimate is not based on the fair rental value of the
disputed strip of land but is premised on "having to look at that mess all this time." Evidently,
she confused her counsel's loss-of-use questionâwhich did not inquire about rental value, the true
measure of loss of useâwith damages for mental anguish. When she was specifically asked about
fair rental value being the basis of her estimate, she clearly and unequivocally admitted that it was
not based on rental value. Contradictory statements in a party's testimony do not result in binding
judicial admissions. Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364, 366 (1957). 
Nevertheless, considering the unqualified admission of the real basis for her estimate, reasonable
minds could not differ that her estimate was not premised on rental value, the correct measure of
damages. See id. at 366-67. Considering only her testimony and indulging all inferences in favor
of the verdict, we find that the evidence is legally insufficient to support the damage award. See
Davis v. City of San Antonio, 752 S.W.2d 518, 522 (Tex. 1988). Therefore, we sustain the first
point. See Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987) (holding that a no-evidence point
is properly sustained if there is a complete absence of evidence or not more than a scintilla of
evidence supporting a vital fact). We do not reach points two, three, and five that question the
factual sufficiency of the evidence supporting the damage award.
Â Â Â Â Â Â Nassar's final point is that the court should not have submitted Question 2 because there was
no evidence that he caused Cole's damages. This complaint was waived when he failed to object
to the question on this ground. See Tex. R. Civ. P. 274. Point six is overruled.
Â Â Â Â Â Â We reform the judgment to delete the recovery of damages, for which there is no evidentiary
support, and affirm the judgment as reformed. See Tex. R. App. P. 80(b)(2).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and 
Â Â Â Â Â Â Justice Vance
Reformed and affirmed
Opinion delivered and filed March 31, 1993
Do not publish



rd issue that concerns the alleged
violation in paragraph 2 of the States motion.Â  Tex.
R. App. P. 47.1.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs
judgment.Â  Our opinion and judgment dated June 3, 2009, are withdrawn, and this
opinion is substituted as the opinion of the court.Â  Tex.
R. App. P. 50(a).

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed January 27, 2010 Â 

Do
not publish

[CR25]

Â